John Jacklich, Sr., Administrator of Estate of William T. Jacklich, Deceased, Appellee, v. Thomas O. Starks et al., Appellants.

Gen. No. 10,359.

434

Opinion filed August 10, 1949. Rehearing denied October 5, 1949. Released for publication October 7, 1949.

Dunn & Hayes, of Morris, for appellants.

John J. Black and August B. Black, both of Morris, for appellee.

Mr. Presiding Justice Wolfe delivered the opinion of the court.

On September 20, 1947, the defendant, Charles Richard Starks was operating an International truck and trailer that belonged to the defendants, Thomas O. Starks and Frank J. Barr, copartners doing business as Starks and Barr. At said time, the truck was being used to haul gravel to resurface a public highway running easterly and westerly in the Village of Carbon Hill in Grundy county, Illinois. At that time and place, the said Charles Richard Starks was in the employ of Thomas O. Starks and Frank J. Barr. On September 20, as aforesaid, the defendant, Charles Richard Starks was in the course of his employment on said road, and dumping a load of gravel into a leveller on said roadway, and causing said gravel to be spread upon the same. During the course of the unloading of the gravel, William T. Jacklich, a child of about five years of age, was upon said highway, watching and observing the work being performed by the said defendant, Charles Richard Starks. After the gravel had been unloaded, Charles Richard Starks stopped his truck, and went to the rear of the same and unfastened the leveller from the truck, and started his truck forward and in some manner ran over and killed the said child, William T. Jacklich.

John Jacklich, Sr., was appointed administrator of the estate of William T. Jacklich, deceased, and started a suit in the circuit court of Grundy county, against Thomas O. Starks and Frank J. Barr, copartners doing business under the firm name of Starks and Barr and Charles Richard Starks and Thomas O. Starks, individually. It is alleged in the complaint that the defendant, Charles Richard Starks, the driver of the

truck in question, had allowed the decedent, William T. Jacklich and other boys of tender years to ride on the running board of the truck during the operation of unloading and spreading the gravel, and that it was through his negligence in the operation of the truck, that he ran over and killed the child, William T. Jacklich; that he knew, or by the exercise of ordinary care, should have known that the children including William T. Jacklich, were playing in and around the truck. It is also alleged that the plaintiff was in the exercise of ordinary care for the safety of the said child, William T. Jacklich.

After a motion to strike the complaint had been overruled by the court, the defendants filed their answer, in which they denied all acts of negligence on their part, and alleged that the plaintiff was not in the exercise of ordinary care and caution for the safety of the child, William T. Jacklich.

The case was submitted to a jury who found the issues in favor of the plaintiff and assessed the damages at $7,500. In addition to the regular instructions given by the court, two special interrogatories were tendered to the jury for answer, which are as follows: First; ''do you find from the evidence that just prior to being run over by the truck of the defendant, the decedent was riding upon or attempting to catch a ride upon the truck of the defendant without an invitation from the driver?'' The jury answered this interrogatory ''yes.'' No. 2 is as follows: ''Do you find from the evidence that just prior to being run over by the truck of the defendant, the decedent was riding upon or attempting to catch a ride upon said truck?'' The jury answered this interrogatory ''yes.'' The defendant filed a motion for a new trial, also a motion for judgment notwithstanding the verdict. These motions were denied, and the court then entered judgment on the general verdict, and the defendants have brought the case to this court for review.

It is insisted that the plaintiff's intestate was a trespasser in riding upon, or attempting to ride upon the truck without the knowledge, or consent of the driver, also that the mother of the decedent was guilty of contributory negligence, which would bar all the next of kin from recovering in this suit. The evidence clearly shows in this case that the driver of the truck, Charles Richard Starks, had knowledge that the children had been upon the truck while it was being unloaded, and that they were still around the truck when he proceeded to drive away after unloading the gravel. Whether his acts in doing so were negligent and his negligence was the proximate cause of the injury, and whether the acts of the mother were such that the jury should say that she was guilty of contributory negligence that proximately tended to cause the child's injury and death, were questions of fact that were properly submitted to the jury. If the jury were properly instructed in regard to these matters, then this court would not be justified in setting aside their verdict. It is the jury's peculiar province to observe the witnesses who testify in regard to such matters, and then to weigh the evidence, and after they have done so, their verdict should carry great weight with the court of review.

It is not contended by the appellants that the jury was not properly instructed in regard to these matters. The only instruction questioned is to the amount of the damage. It is our judgment that the evidence fully sustains the finding of the jury.

It is contended by the appellants that the court erred in refusing to give their instructions (which are not, but should be numbered). The instruction is as follows: "The court instructs the jury that this suit is brought for the benefit of the next of kin of William T. Jacklich, the same being his father, John Jacklich, Sr., his mother, Florence Jacklich, and his minor brothers, John Jacklich, Jr., Donald Jacklich, Robert Jacklich,

and Richard Jacklich, and that if the jury finds for the plaintiff, in estimating the damages sustained by the next of kin by reason of the death of William T. Jacklich, the jury can only estimate damages to the brothers, John Jacklich, Jr., Donald Jacklich, Robert Jacklich, and Richard Jacklich at such sum as the evidence shows that they have sustained by the death of William T. Jacklich, and if the evidence does not show that they were receiving any support from their deceased brother, William T. Jacklich, and were not in a condition to require support from their brother, William T. Jacklich, then the jury can only estimate the damages to John Jacklich, Jr., Donald Jacklich, Robert Jacklich and Richard Jacklich at a nominal sum which is one dollar or one cent.''

It is a well-settled rule of law that instructions should be considered by the jury as a series and as a whole. There is another instruction offered by the plaintiff that tells the jury what to do in assessing damages, and it is our conclusion that the jury were properly instructed in regard to the assessment of damages.

The appellants make no claim that the verdict of the jury is excessive, and it is questionable whether or not they can be heard to say that the jury was improperly instructed as to the measure of damages when they do not raise this question. In the case of *Lenchard v. Friel,* 326 Ill. App. 461, 61 N. E. (2d) 768, it is stated: ''Where the defendants made no point that damages awarded were excessive, trial court's refusing to give an instruction relating solely to damages was not harmful error.'' To the same effect is *Slovinski v. Beasley,* 316 Ill. App. 273.

During the course of the trial it was disclosed that Charles Richard Starks was a minor at the age of eighteen years. The trial court did not appoint a guardian *ad litem* to represent him, and it is now insisted that the judgment is voidable as to the minor,

and the judgment being joint against all of the defendants, that the whole judgment is voidable. In the case of *Collins v. Hastings,* 283 Ill. App. 304, this court has passed upon that question whether the judgment is voidable as to minors. We there held that a judgment against a minor where no guardian *ad litem* had been appointed to represent him in a trial court could be raised for the first time in a court of review, and that such a judgment is voidable. The question was also raised in the *Collins v. Hastings* case whether or not the judgment being voidable as to one of the defendants should be voidable as to the other defendants. We there held that it would not be improper for the court to reverse a judgment against the minor, and affirm it as to the other defendant, and cited *Minnis v. Friend,* 360 Ill. 328 and *Rhoden v. Peoria Creamery Co.,* 278 Ill. App. 452. In *Minnis v. Friend, supra,* the plaintiff procured a judgment against Friend and the the City of Chicago. During the course of that trial, it developed that no notice had been served on the City of Chicago, as required by the statute, and that the judgment was voidable as to it. The court affirmed the judgment as to Friend, but reversed it as to the City of Chicago. In the *Rhoden v. Peoria Creamery Co., supra,* we stated: ''Under the Practice which obtained prior to Jan. 1, 1934, this judgment being a unit as to both the creamery company, and the cartage company could not be affirmed as to one and reversed as to the other. (Citing several cases to support this statement.) Under the Civil Practice Act of 1933, Illinois Revised Statutes, Sec. 92, it would not be improper for this court to reverse the judgment against the cartage company and affirm it as to the creamery company.'' From the facts disclosed in that case the court deemed it advisable to reverse the judgment as to both defendants.

The judgment against Charles Richard Starks should be, and is hereby reversed. As to the other

defendants, we find no reversible error in the case, and the judgment as to them, should be and is affirmed.

*Reversed in part and affirmed in part.*