SPECTOR, Chief Judge.
Appellants seek reversal of an adverse judgment entered pursuant to a jury verdict in an automobile negligence action. Appellant Rosemary Kondracki, hit four year old Jeff Bowen with her automobile as she was backing out of her driveway to take her daughter to school. Prior to getting into her car, Mrs. Kondracki and Jeff had carried on a casual conversation and Mrs. Kondracki thought Jeff was walking back to his house in the opposite direction from the car.
Appellants contend that there was not sufficient evidence of negligence to allow the case to go to the jury. We do not agree.
In Coast Cities Coaches v. Donat, 106 So.2d 593 (Fla.App.1958), a bus driver in an area where children were known to congregate hit a small child. The driver saw this particular child following the bus, but could not see her in front of the bus and did not know she was hit until hailed by other children. The court held that the question of negligence. was one for the jury-
The court in Donat quoted extensively from Miami Paper Co. v. Johnston, Fla., 58 So.2d 869. In Johnston a delivery truck in a trailer park where numerous children lived, ran over a child as he started forward. The Supreme Court in that case held that the question of negligence was properly submitted to the jury and whether or not the driver was negligent in not looking in front of the truck before he started was a jury question. Justice Terrell in Johnston also stated:
“It is a matter of common knowledge that small children are erratic and unpredictable, that they are liable to take off at any time and in any direction with no concern whatever for their own safety. The drivers of motor vehicles are charged with knowledge of their behavior and are expected to govern themselves accordingly when parking or driving about school grounds, recreation parks, residential communities, trailer parks and other places inhabited by or frequented by children”.
In the instant case, appellant was parked in a residential area where children lived and was backing out of her driveway at a time of day when children would likely be about the neighborhood on their way to school. Appellant also knew that this particular child was in the vicinity. Therefore, the question of negligence was properly submitted to the jury and their finding of negligence on the part of appellee will not be disturbed where there is some basis in fact and law.
For the foregoing reasons, the judgment of the lower court is affirmed.
WIGGINTON and JOHNSON, JJ„ concur.