L. R. POWELL, JR., and HENRY W. ANDERSON, as Receivers of the SEABOARD AIRLINE RAILWAY COMPANY, v. B. MARCUS.

172 So. 857.

Opinion Filed February 26, 1937.

*Knight, Thompson & Turner,* for Plaintiffs in Error;

*McKay, Macfarlane, Jackson & Ramsey,* for Defendant in Error.

WHITFIELD, P. J.—An action was brought under Section 7049 (4962) C. G. L., by the father to recover damages for loss of services and for mental pain and suffering

by the father and mother because of the wrongful death of their seven or eight-year-old child, alleged to have been caused by the negligent running of defendants' railroad train. There were pleas of not guilty and of contributory negligence of the decedent and of his parents, for both of whom damages are claimed for mental pain and suffering and for the loss of the services of the child. Verdict and judgment for $3,500.00 were rendered for the plaintiff, and defendant receivers took writ of error.

The evidence shows that the father of the decedent was cautioned to keep his son away from the trains at a busy station; that at a surface crossing within two or three hundred feet south of a depot station at Wildwood, Florida, the decedent, with a pasteboard box in his hand, attempted to run from the east across parallel railroad tracks behind a train backing south from the station on the east track and ahead of an approaching train on the west track going north towards the station, and in attempting to run across both tracks, the boy fell on the west track and was fatally injured by the northbound train before he could get off the west track. If the decedent had looked he could have seen the train approaching from the south; and it is fair to assume that the decedent thought he could cross the west track before the northbound train reached the crossing, and was prevented from crossing in time by falling on the track. If for any reason he reasonably did not know of the on-coming northbound train, yet he might possibly have crossed the west track safely if he had not fallen on the track; or possibly if the northbound train had approached the crossing and nearby station at a rate of speed less than it apparently did at perhaps fifteen or twenty miles an hour, the decedent might possibly have cleared the west track before the northbound train struck him on the track.

The northbound train carried soldiers which naturally attracted small boys to the station, and reasonably the railroad employees should have anticipated at least the ordinary attendance of persons at the station on such an occasion, and such employees were required to exercise all ordinary and reasonable care to prevent injuries in operating trains at the point and on such an occasion, particularly when one train was backing south from the station, and at the same time another train was going north on parallel tracks at a surface crossing near the station.

The engineer testified to facts which clearly show that when he first saw the decedent crossing the tracks about fifty feet ahead of his engine, he could not have stopped the train before it reached the crossing where the decedent was; and further that he supposed the boy had cleared the track, the engine boiler kept him from seeing that the boy fell on the track; and that he did not know the boy was struck by the engine till he stopped the train at the station. The emergency brakes were not used possibly because the engineer thought the boy would clear the track before the train would reach the point where the boy was running across the track just ahead of the train. But the boy apparently fell on the track, and the engine struck him before he could clear the track.

The fireman did not testify. There is a possibility that if the train had been run at a lower rate of speed *under the particular circumstances then existing at the station and at the crossing adjacent to the station,* the boy could have cleared the track after getting up from his fall on the track, before the engine struck him.

It cannot be fairly said that the jury could not have reasonably found that the defendants did not clearly show that they had exercised, as to the speed of the train in making

the crossing, *all* ordinary and reasonable care and diligence *under the particular circumstances* to avoid such an injury as was done in this case; but as a proximate cause of the injury, any negligence of the defendants was much less than that of the plaintiff father who was at the station *and* of the decedent. The parents had legal control of the unfortunate boy and he took the risk of falling on the tracks he was hurriedly crossing in front of an approaching train.

Upon a careful consideration of the entire record it appears that the verdict and judgment reasonably should not have been in excess of $1500.00. A verdict of $1000.00 was held insufficient recompense in a case where neither the parents nor the decedent was at fault. Miami Dairy Farms v. Tinsley, 115 Fla. 164, 155 So. 852. See also Devane v. Bauman, 82 Fla. 346, 90 So. 192. In Tampa Electric Co. v..Knowles, 91 Fla. 1032, 109 So. 219, the parents were negligent but the infant was not. If a remittitur is entered for $2,000.00 as of the date of the judgment, the judgment will stand affirmed for a new trial.

It is so ordered.

TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.

ELLIS, C. J., dissents.