WILLIAM R. KENAN, JR., et al., as Receivers, etc., v. SHIRLEY BLACK.

7 So. (2nd) 462.  En Banc
March 27, 1942  Rehearing Denied May 1, 1942

Loftin, Calkins, Anderson & Scott, and Russell L. Frink, for plaintiffs in error.

George J. Baya, for defendant in error.

WHITFIELD, J.:

Essential questions to be determined are the liability of the railroad company receivers, and, if liable, the damages recoverable by a widowed father for the death of his eleven year old daughter who was in her father's auto truck being driven by his employee within his employment when the truck collided with the railroad company's train at a surface crossing. If defendants are shown by the evidence to be liable for negligence in operating the train which proximately contributed to the fatal injury, the amount of damages is reasonable compensation, warranted by the evidence, for the father's "mental pain and suffer-

ing" and his loss of the daughter's "services" because of her death, as provided by Sections 7049 (4962) C.G.L. There is also a claim for funeral and burial expenses which were not allowed to be proven.

On a former writ of error herein the court adjudged the amount of the verdict and judgment for plaintiff was excessive and the "judgment appealed from" was "reversed and a new trial awarded." Kenan v. Black, 146 Fla. 503, 1 So. (2nd) 610. Such judgment did not direct a new trial on a part only of the issues involved in the cause and the reversal was for a new trial of the entire case. See Sec. 4640 (2921) C.G.L.; Webb Furniture Co. v. Everett, 105 Fla. 292, 141 So. 115.

The declaration alleges negligent operation and excessive speed of the passenger train which collided with the truck, fatally injuring plaintiff's minor daughter. Pleas were not guilty and contributory negligence. Damages were awarded in $15,000.00, and defendants took writ of error.

It appears that the fatal collision occurred on the south bound track of the double tracks of the railroad company as it crosses a highway or village street running east and west. The truck, in which were the driver and the decedent going west, had stopped at the east side of the north bound or east track while a north bound freight train passed. After the freight train had passed the road crossing fifty or more feet going north, the truck was driven across the east or northbound track and was struck by a southbound passenger train as the truck was crossing the west or southbound track. The company's southbound passenger train was late in passing that point.

While the evidence warrants an inference that the plaintiff's employee driver of the truck, who was also fatally injured by the collision, was negligent in crossing the double track at the time he did under the circumstances, yet the evidence also justifies an unrebutted inference that the rapid passage of the defendants' southbound passenger train after schedule time over a street or road in a village, was not, under the circumstances in evidence, sufficiently guarded by appropriate means to avoid injury to persons who might cross the railroad double tracks immediately after the passage of a freight train going north on the east track while the southbound passenger train was rapidly approaching the crossing, when and under the circumstances shown in this case, an injury might reasonably have been anticipated, to impose liability "for any damage done" "by the running of" a train "unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence" to prevent injury to persons or property, as provided, by Section 7051 (4964) C.G.L. See L. R. Powell, et al., v. B. Marcus, 127 Fla. 203, 172 So. 857; L. R. Powell, et al., v. Jackson Grain Co., 134 Fla. 596, 184 So. 492; Roberts v. Powell, et al., 137 Fla. 159, 187 So. 766.

This action is not for injury to the driver of the truck who was an employee of the plaintiff acting within his employment. It is brought by the father of the minor daughter who was fatally injured by the collision, under Section 7049 (4962) C.G.L. It is not shown that she negligently contributed to her injury.

The statutory liability of defendants in compensating damages for the death of plaintiff's minor daughter being limited by the statute itself to the father's loss

of his daughter's services and to mental pain and suffering of the father, the amount awarded as damages is excessive and should be reduced to a reasonable amount, or the judgment should be reversed for a new trial. See F.E.C. Ry. Co. v. Guilford, 104 Fla. 370, 140 So. 199, 143 So. 446; Atlantic Peninsular Holding Co. v. Oenbrink, 133 Fla. 325, 182 So. 812; Tampa Shipbuilding and Engineering Corp. v. Adams, 132 Fla. 419, 181 So. 403, 893; Powell, et al., v. B. Marcus, 127 Fla. 203, 172 So. 857.

Verdicts assessing damages under the statute are subject to judicial review. See Sec. 4637 (2918) C.G.L., S.A.L. Ry Corp. v. Mosely, 60 Fla. 186, 53 So. 718; Davis v. Florida Power Co., 64 Fla. 246, 60 So. 759, Ann. Cases 1914B 965.

If the plaintiff, within thirty days after the filing of the mandate of this Court in the court below, duly enters a remittitur as of the date of the judgment for all except seven thousand five hundred dollars, the judgment will stand affirmed for the said $7,500.00 remaining; otherwise the judgment will stand reversed for a new trial.

It is so ordered.

TERRELL, CHAPMAN, and THOMAS, JJ., concur.

BROWN, C. J., BUFORD and ADAMS, JJ., dissent.

BUFORD, J., dissenting:

On the former review of the record in this cause (see Kenan v. Black, 146 Fla. 503, 1 Sou. [2nd] 610.) I was of the opinion that the record failed to disclose actionable negligence on the part of defendant. See Florida East Coast Ry. Co. v. Davis, 96 Fla. 171, 117 So. 842.

After consideration of the record as it now appears here, I find the same infirmity and lack of showing of actionable negligence and am, therefore, of the opinion that the judgment should be reversed.

BROWN, C. J., concurs.