ADOLPH GOODMAN v. JIM H. CARTER, W. OTIS SMITH and ANNA L. SMITH, his wife.

27 So. (2nd) 748    June Term, 1946
November 8, 1946    Special Division B

*W. F. Maurer,* for appellant.
*Jim H. Carter,* for appellees.

BARNS, Circuit Judge:

Appellant-plaintiff claims title to certain property by virtue of a tax deed issued in 1944. Defendants claim title to the same property by virtue of a quit claim deed and fee simple deeds dated in January 1946 which latter deeds made the defendants' claims good except for the tax deed held by plaintiff.

Plaintiff filed his suit to quiet title against the defendants because of the cloud cast upon his title by the recording of the deeds to the defendants above mentioned.

Defendants answered and counter-claimed, setting up that plaintiff's deed was void because:

(1) the tax deed was based on a tax sale notice covering several pieces of property and several certificates and it was not definite as to what property each certificate related.

(2) the tax deed was issued by the clerk in the name of "State of Florida" when it should have been "County of Broward" instead.

(3) the clerk of the circuit court acted for the purchaser-plaintiff at the sale which sale was conducted by the clerk as a part of his public duties.

Upon final hearing the chancellor found the equities with the defendants, cancelled the tax deed and adjudged the defendants to be owners of the property free and clear of all claims of the plaintiffs and plaintiffs appeal.

In considering paragraph (1) supra, we noted that section 192.21 Florida Statutes 1941, F.S.A., provides;

" . . . no act of omission or commission . . . of any tax assessor . . . tax collector . . . county commissioners . . . clerk of the circuit court . . . newspaper . . . shall . . . defeat . . . taxes; . . . any omission or commission may be corrected at any time . . . when so corrected they shall be construed as valid ab initio and shall in no way affect any process provided by law for the enforcement of the collection of any such tax . . . ; all provisions of law . . . relating to the assessment and collection of

revenue . . . shall be deemed . . . to be directory only, designed for the orderly agreement of records and procedure of officers in enforcing the revenue laws of the state; *and no sale or conveyance of real or personal property for non-payment of taxes shall be held invalid except upon proof that the property was not subject to taxation, or that the taxes had been paid previous to sale, or that the property had been redeemed prior to the execution and delivery of deed based upon certificate issued for nonpayment of taxes . . .* " (Italics supplied).

In Kester v. Bostwick, 153 Fla. 450, 15 So. (2nd) 208, we held notice of application for tax deed fatally defective upon grounds similar to (1) supra because of the non-compliance with section 2 of chapter 17457, acts of 1935. Since the act under consideration in the Kester case chapter 20722, acts of 1941, has been enacted and this law specifically repealed section 2 and other sections of chapter 17457. The above quotations from 192.21 Florida Statutes 1941, F.S.A., were a part of chapter 20722, acts of 1941.

The clerk in his "notice of application for Tax Deed" published in September and October 1944 followed the form prescribed by repealed chapter 17457, acts of 1935, instead of section 194.16 Florida Statutes 1941, F.S.A. These forms are almost identical but the latter section governed.

The clerk also followed the form of deed prescribed by section 10 of chapter 17457, acts of 1935, when he should have followed Section 194.24 Florida Statutes 1941, F.S.A. This latter section provided for a deed in the name of the County while the former law provided for one from the State.

Quere: Were these departures from the statutory forms of notice and deed sufficient to nullify the conveyance? We think not.

Addressing ourselves to paragraph (3) supra, the letter from the clerk to the plaintiff would have been substantial evidence in an equity suit to set aside the sale for fraud by the then owners of the land. But such is not the case here. To begin with, if any fraud was in fact committed it was not committed against the appellees. Under the facts we are of the opinion that such showing as made is of no avail to the defendant cross-claimants.

It is our conclusion that the learned chancellor erred and that the decree should be reversed for further proceedings not inconsistent herewith.

Reversed.

CHAPMAN, C. J., BROWN and THOMAS, JJ., concur.