78 So.2d 378 (1954)
Susye Belle WELLS, as Administratrix of the Estate of H.H. Wells, deceased, and Susye Belle Wells and Mary Sue Wells Nolen, as sole surviving heirs of H.H. Wells, deceased; A.L. Wells, and C.B. Dunn, Appellants,
v.
Jefferson THOMAS, if living, and if dead, his unknown heirs, devisees and grantees; Anne Hartley Atkinson Gailliard as the sole surviving heir at Law of W.M. Atkinson, deceased; Mrs. Alfred Tyler; John Poe Tyler; Rom Tyler; Anne Tyler Pierpont; sole surviving heirs at law of Alfred Tyler, deceased; Bessie T. Savage, heir at Law of W.T. Savage, deceased, and the unknown heirs of W.T. Savage, deceased; F. Willard Hyslop, if living, and if dead, his unknown heirs, devisees and grantees; Adele B. Harries, Gertrude Harries Wills and Bowden F. Harries, heirs at law of G.M.B. Harries, deceased; T.J. McSween; Almon L. Denton; Gordon Denton; and Noah Denton, Appellees.
Supreme Court of Florida. Division A.
January 5, 1954.
On Rehearing February 23, 1955.
Further Rehearing Denied March 10, 1955.
*379 James N. Daniel, Chipley, and J.M. & H.P. Sapp, Panama City, for appellants.
Cornett, Turner, Duncan & Leath and Earl R. Duncan and William B. Leath, Panama City, for appellees.
TERRELL, Justice.
In June 1951, appellants as plaintiffs filed an amended complaint in the Circuit Court of Bay County, naming appellees and others as defendants. The purpose was to quiet title to Tracts 1 and 2 U.S. Government Survey Township 4, South, Range 15 West. It was alleged that on May 1, 1944, C.N. Ashmore acquired a tax deed to Tract 1, which he recorded May 11, 1944, in Tax Book 5, page 34, and that on July 5, 1944, said C.N. Ashmore acquired a tax deed to Tract 2, which he recorded June 7, 1944, in Deed Book 88, page 371. C.N. Ashmore conveyed both tracts to H.H. Wells in trust for the other plaintiffs named herein. The amended complaint also alleges that C.B. Dunn, one of the plaintiffs, acquired title to part of Tract 2 on or about November 9, 1925, that in 1915 H.L. Grace acquired title to all of Tract 2 which he conveyed to H.H. Wells in 1925. It is further alleged that on September 10, 1928, after H.H. Wells and C.B. Dunn acquired their title, defendant F. Willard Hyslop obtained a tax deed to that part of Tract 2, located in Section 8, Township 4, South, Range 15 West which he recorded October 18, 1928 in Tax Book 2, at page 400 and which *380 is the only lands involved in this appeal. We are concerned at this time with the validity of the C.N. Ashmore tax deed embracing Tract 2. Hyslop filed an amended answer and a motion for summary judgment. The latter was granted and this appeal was prosecuted. H.H. Wells died after the suit was instituted. Susye Belle Wells, his widow and administratrix and Mary Sue Wells Nolen, his daughter, were substituted as parties plaintiff and sole surviving heirs.
The primary question presented challenges the order of the chancellor granting Hyslop's motion for summary judgment and his refusal to grant a new trial.
The answer to this question turns on the validity of Ashmore's tax deed dated June 5, 1944. The motion for summary judgment was grounded on the contention that Ashmore's tax deed was based on certain tax certificates, the numbers of which were recited in one place in the notice while the description of the land was recorded in a different place without any means of identifying the certificate with the description of the land. The chancellor so found and adjudged the Ashmore tax deed fatally defective on authority of Kester v. Bostwick, 153 Fla. 450, 15 So.2d 208.
In Goodman v. Carter, 158 Fla. 112, 27 So.2d 748, this court held that Kester v. Bostwick had to do with a tax deed issued under Chapter 17457, Acts of 1935, F.S.A. § 194.15 et seq., while Goodman v. Carter was controlled by Chapter 20722, Acts of 1941, as amended by Chapter 22079, Acts of 1943, now Section 192.21, Florida Statutes 1953, F.S.A., which was then the law controlling the issuance of tax deed rather than Chapter 17457, Acts of 1935, the law controlling Kester v. Bostwick. The court was accordingly in error in holding that the case at bar was governed by Kester v. Bostwick. See also Sudduth v. Hutchison, Fla., 42 So.2d 355 and Tindel v. Griffin, 157 Fla. 156, 25 So.2d 200.
Aside from this, if the alleged defects in Ashmore's tax deed could be said to vitiate his title, they were cured by Chapter 23827, Acts of 1947, now Section 192.48, Laws of Florida 1953, F.S.A. The purpose of this Statute was to cure defects in tax deeds provided they had been recorded one year and were subject to taxes which had not been paid. Ashmore's tax deed was recorded in June 1944; he was not in possession at the time nor at any subsequent time. Tindel v. Griffin and Sudduth v. Hutchison, supra. See also Taff v. Hodge, 132 Fla. 642, 182 So. 230 and Coult v. McIntosh Inv. Company, 133 Fla. 141, 182 So. 594. Prior to the passage of Chapter 23827, Section 192.48, Laws of Florida, mailing of notice of application for tax deed was jurisdictional and failure to do so voided the deed. Since the passage of this act we construe the law to be satisfied by merely publishing the notice of application for tax deed.
In this connection it is not amiss to point out that Section 192.21, Florida Statutes, requires that "all owners of property shall be held to know that taxes are due and payable thereon annually, and are hereby charged with the duty of ascertaining the amount of such tax and paying the same before the first day of April of the year following the year in which such taxes were assessed". It appears from the record that Wells paid taxes on the lands in question for the years 1929, 1930, and 1931 and secured his deed from Ashmore in 1944. When the tax deed to Ashmore was issued the records in the office of the Clerk of the Court would have shown that the last taxes had been paid by Wells in 1931. Wells continued to pay taxes after securing deed from Ashmore, while Hyslop secured his tax deed in 1928 and made no attempt to pay taxes for more than twenty years. We do not think he can successfully contend that his title is good against unpaid taxes on the ground that no tax deed was applied for during the years of his silence and indifference. To so hold would be contrary to all the legislative pronouncements on the subject during the last twenty-five years.
*381 Other questions raised have been considered but they are not important and we do not explore them. It is our view that the judgment appealed from is violative of appellant's rights and contrary to legislative and judicial pronouncements on the subject. It is therefore reversed with directions to enter final judgment in harmony with the views expressed in this opinion.
Reversed.
ROBERTS, C.J., and SEBRING and MATHEWS, JJ., concur.

On Rehearing
PER CURIAM.
In June 1951, appellants as plaintiffs filed an amended complaint in the Circuit Court of Bay County, naming appellees and others as defendants. The purpose was to quiet title to Tracts 1 and 2 U.S. Government Survey Township 4, South, Range 15 West. It was alleged that on May 1, 1944, C.N. Ashmore acquired a tax deed to Tract 1, which he recorded June 11, 1944, in Tax Book 5, page 34, and that on June 5, 1944, said C.N. Ashmore acquired a tax deed to Tract 2, which he recorded June 7, 1944, in Deed Book 88, page 371. C.N. Ashmore conveyed both tracts to H.H. Wells in trust for the other plaintiffs named herein. The amended complaint also alleges that C.B. Dunn, one of the plaintiffs, acquired title to part of Tract 2 on or about November 9, 1925, that in 1915 H.L. Grace acquired title to all of Tract 2 which he conveyed to H.H. Wells in 1925. It is further alleged that on September 10, 1928, after H.H. Wells and C.B. Dunn acquired their title, defendant F. Willard Hyslop obtained a tax deed to that part of Tract 2, located in Section 8, Township 4, South, Range 15 West which he recorded October 18, 1928 in Tax Book 2, at page 400 and which is the only lands involved in this appeal. We are concerned at this time with the validity of the C.N. Ashmore tax deed embracing Tract 2. Hyslop filed an amended answer and a motion for summary judgment. The latter was granted and this appeal was prosecuted. H.H. Wells died after the suit was instituted. Susye Belle Wells, his widow and administratrix and Mary Sue Wells Nolen, his daughter, were substituted as parties plaintiff and sole surviving heirs.
The primary question presented challenges the order of the chancellor granting Hyslop's motion for summary judgment and his refusal to grant a new trial.
The answer to this question turns on the validity of Ashmore's tax deed dated June 5, 1944. The motion for summary judgment was grounded, inter alia, on the contention that Ashmore's tax deed was based on certain tax certificates, the numbers of which were recited in one place in the notice while the description of the land was recorded in a different place without any means of identifying the certificate with the description of the land. The Chancellor so fouud and adjudged the Ashmore tax deed fatally defective on authority of Kester v. Bostwick, 153 Fla., 450, 15 So.2d 208.
In Goodman v. Carter, 158 Fla. 112, 27 So.2d 748, this court held that Kester v. Bostwick had to do with a tax deed issued under Chapter 17457, Acts of 1935, F.S.A. § 194.15 et seq., while Goodman v. Carter was controlled by Chapter 20722, Acts of 1941 (amended in 1943 by Chapter 22079 in a manner not here relevant). The 1941 Act, as amended, is the present form in which Section 192.21, Florida Statutes 1953, F.S.A., appears on our statute books. In the Goodman case we held that the defect in the notice here complained of was insufficient to invalidate the tax deed based thereon. It must be held, therefore, under the authority of Goodman v. Carter, supra, that the lower court erred in invalidating the Ashmore 1944 tax deed for the reason stated in its order, referred to above.
It is also contended here by the appellee Hyslop, that the lower court's order should be sustained because of the failure of the Clerk to comply with the provisions of Section 194.18, Florida Statutes 1953, F.S.A., *382 requiring notice of application for a tax deed to be sent to the former owner or the person last paying taxes on the property. The proponents of the Ashmore tax deed contend, on the other hand, that this requirement is "directory" only, and that in any event the attack by Hyslop on the Ashmore deed is barred by the provisions of Section 192.48, Florida Statutes 1953, F.S.A., Chapter 23827, Laws of Florida, Acts of 1947, which purports to bar a suit to set aside a tax deed unless it be brought within one year from the time the deed is recorded (one year from the effective date of Chapter 23827, supra, in the instant case), "except upon the grounds that the taxes for which any deed was issued was not assessed, was not due or had been paid."
There can be no doubt that failure to give to the former owner the notice of application for tax deed required by Section 194.18, Florida Statutes 1953, F.S.A., will render such tax deed subject to attack by the former owner. We so held in Heinberg v. Andress, Fla., 45 So.2d 488, in which we interpreted the statute in the light of its amendment in 1943 by Chapter 22079, Laws of Florida, Acts of 1943. And this decision was followed in the later cases of Swigert v. Parker, Fla., 46 So.2d 16, 17; Thacker v. Biggers, Fla., 48 So.2d 750; and Montgomery v. Gipson, Fla., 69 So.2d 305.
But in none of these cases did we consider the question of the impact of Section 192.48, supra, on a tax deed which could be held void for that reason  apparently either because the suit to avoid the tax deed was filed within the one-year period prescribed by Section 192.48, or because the former owner simply failed to plead the bar of the statute. In fact, there appears to have been only one case in which this court was directly concerned with the applicability of Section 192.48 on an allegedly void tax deed, to wit, Susman v. Pockrus, Fla., 40 So.2d 223, 224.
In the Susman case, the former owner attacked a tax deed issued by Escambia County following tax foreclosure proceedings on the ground that the description of the property in those proceedings was so indefinite as to give the court no jurisdiction, so that "the final decree and plaintiff's deed based thereon are utterly void." It appeared that the owner's agent had actual knowledge of the tax sale and had attended the tax sale for the purpose of taking part in the bidding. We held that in these circumstances Section 192.48 should be applied to defeat the former owner's attempt to invalidate the tax deed, "notwithstanding that the lands bore an insufficient description in tax foreclosure proceedings pursuant to which the public auction was held." But we did not hold that a tax deed could not be attacked, except for the reasons specified in the statute, after the passage of one year from the date of its recording. On the contrary, we said:
"There is authority for the proposition that such a special or short limitation period is not applicable to protect a tax title based on an insufficient description. The cases pro and con are to be found in an annotation at 133 A.L.R. 570. Saddler v. Smith, 1907, 54 Fla. 671, 45 So. 718, 14 Ann.Cas. 570, and Day v. Benesh, 1932, 104 Fla. 58, 139 So. 448, indicate that the courts of Florida adhere to the principle just stated. * * *"
An examination of the previous decisions of this court interpreting an early statute very similar to Section 192.48 reveals that there is more than a mere indication in this respect  there are clear and unequivocal statements and rulings that such a short statute of limitations (absent a requirement of actual occupancy and possession under the tax deed) will not be applied to bar an attack on a tax deed grounded on some jurisdictional defect. Thus, in Carncross v. Lykes, 22 Fla. 587, the court was concerned with the applicability of Sec. 20, Chapter 1887, Laws of 1872, to bar a suit to set aside a tax deed, where the description of the property on the assessment roll was vague and indefinite. In holding that the statute would not bar the suit, this court said:
"It will be seen from the statute that the former owner is barred of the right *383 to sue for his property after one year from the recording the tax deed, except in the following cases, to wit: that the land was not subject to taxation, or that the taxes and charges were paid or tendered before sale. * * *
"The statute was intended to prevent, after the lapse of a year, suits by the former owner for the recovery of land upon technical grounds, for informalities and irregularities in the proceedings. It contemplated that the deed of the clerk alluded to would be to the lands assessed and none other."
See also the following cases where the statute was held not to bar a suit to set aside a tax deed: Saddler v. Smith, 54 Fla. 671, 45 So. 718 (a material difference between the description of the land on the tax assessment roll and in the tax deed); Townsend v. Edwards, 25 Fla. 582, 6 So. 212 (no assessment of taxes for the year upon property covered by tax deed); Sloan v. Sloan, 25 Fla. 53, 5 So. 603 (assessment by the Tax Collector rather than by the Tax Assessor).
This particular section of our statutes (with amendments which lengthened the limitation period to three years and then to four years) remained on our statute books until 1895. In that year, the Legislature enacted Section 64 of Chapter 4322, Acts of 1895 (now appearing as Section 196.06, Florida Statutes 1953, F.S.A.) requiring actual occupancy and possession of the land by the grantee under a tax deed for the four-year period before he can claim the protection of the statute of limitations. And in Florida Finance Co. v. Sheffield, 56 Fla. 285, 48 So. 42, 44, 23 L.R.A.,N.S., 1102, this court again stated that Sec. 20 of Chapter 1887, Acts 1872, supra, (and the subsequent statutes changing the limitation period) "will not apply to a suit to set aside a void deed or to recover possession of land attempted to be conveyed thereby." The court pointed out the differences between these statutes and those requiring actual occupancy and possession under a tax deed, in the following words:
"Under these statutes, the limitation ran from the recording of the tax deed. They required no actual possession of the land by the holder of the tax title. As these statutes depended merely upon the recording of the tax deed for a certain period, when the deed fell because it was void, there was nothing left for the statute to rest upon and the statute fell with the deed. But a void tax deed may be color of title. Townsend v. Edwards, supra [25 Fla. 582, 6 So. 212]. As the limitation prescribed by Section 591 of the General Statutes of 1906 [Section 196.06, Florida Statutes, F.S.A.] rests upon the actual possession of land purchased at a tax sale, when the tax deed fails because it is void, the statute does not fall with the deed, because it rests upon the possession of the land, and the deed becomes merely the color of title. The statute would not apply if the tax deed were void, and no title by adverse possession was shown."
We can see no material difference between the provisions of Section 20, Chapter 1887, Acts 1872, and Section 192.48, supra. And we hold, under the authority of the cases above cited, that Section 192.48 will not bar a suit to set aside a tax deed which is subject to a jurisdictional defect. The failure to mail the notice required by Section 194.18 is such a defect. Heinberg v. Andress, supra, 45 So.2d 488, and other cases above cited. An attack on a tax deed on this ground is not, then, barred by Section 192.48. By far the greater majority of courts in other jurisdictions follow this rule. See cases collected in 5 A.L.R.2d 1021 et seq.; Lesmeister v. Dewey County, S.D., 60 N.W.2d 216; and Sarkeys v. Scott Okl., 269 P.2d 779; but see In re Kantor, 280 App.Div. 605, 117 N.Y.S.2d 110.
It must, therefore, be held that the lower court did not err in holding invalid the Ashmore tax deed issued in 1944, if the affidavits and other documentary proof were sufficient to show a failure to comply with Section 194.18 in its issuance. The *384 Chancellor did not rule on this question in the order appealed from, since his summary judgment was based solely on the fact that "several certificates were lumped together in one place and the descriptions of the property were lumped together in another place in the notice of application for tax deed." As previously noted, this was not such a defect as to invalidate the tax deed, Goodman v. Carter, supra, 27 So.2d 748.
We are not persuaded that the appellee Hyslop made a sufficient showing below to overcome the prima facie case of regularity in the proceedings leading to the issuance of the tax deed, valid on its face, declared by Section 194.24, Florida Statutes 1953, F.S.A.
The appellee's affidavit stated that he did not receive the notice; and it is admitted that there is nothing in the Clerk's office to show that such notice was mailed. But there is nothing there to show that it was not mailed, nor is there a certificate of the Clerk stating that the addresses of the former owner or the person last paying taxes upon such lands do not appear on the tax roll or the tax collector's receipt book, respectively, which certificate is just as much a statutory requirement as is the certificate showing mailing of the notice to the owner or the person last paying taxes, as the case may be. On the other hand, there is a certificate showing mailing of notice to one W.T. Savage, who held a tax deed on a portion of Tract 2, issued to him at about the same time as the appellee Hyslop obtained his tax deed. We must presume that the Clerk performed his statutory duty, which was to mail the notice and certify thereto, or else certify that he had no addresses of record of the persons entitled to notice; and we think it is just as reasonable to infer that the notice to the appellee Hyslop was, in fact, mailed to him (as in the case of the other tax deed holder, Savage) and that the record thereof became misplaced, as it is to infer that the Clerk completely ignored his statutory duty. To do otherwise under the particular circumstances here present would amount to an imputation of fraud against the Clerk  and this we will not do in the absence of more compelling evidence.
It should also be noted that, after taking his tax deed in 1928 and paying taxes for that year, the appellee Hyslop completely ignored the property. On the other hand, the appellants (who were, in fact, the "former owners" of the property at the time the Hyslop deed was issued to him) saved the property from reversion to the State under the Murphy Act by paying the 1929, 1930 and 1931 taxes; they have exercised dominion over the land since 1944 (although this was not considered by the Chancellor as evidence of adverse possession, because not properly pleaded) and have kept the taxes paid up since that date. And, as between the two factions  both holders under tax deeds  the equities are certainly with the appellants.
For the reasons stated, the decree is reversed and the cause remanded for further proceedings not inconsistent with the views expressed in this opinion.
Reversed and remanded.
MATHEWS, C.J., and TERRELL, SEBRING and ROBERTS, JJ., concur.