113 So.2d 402 (1959)
F.B. LOCKE and Audrey L. Locke, and Jack Haigler, Appellants,
v.
Erika STUART, Appellee.
No. B-78.
District Court of Appeal of Florida. First District.
June 11, 1959.
Rehearing Denied July 23, 1959.
*403 S.M. Preacher, De Funiak Springs, for appellants.
Roll & Wimberly, Fort Walton, for appellee.
STURGIS, Chief Judge.
The complaint in this ejectment suit and the proofs submitted in support of plaintiff's motion for the summary judgment, granting of which prompted this appeal, show that plaintiff's unbroken record title originates in a deed prior in date and recordation to a tax deed which the defendant-appellants filed in evidence in resistance of the motion for summary judgment and rely upon as creating a superior title to that of the plaintiff-appellee.
Plaintiff's affidavit in support of the motion reflects that she and her former husband formerly owned the land jointly, that she acquired the whole interest as part of a property settlement connected with their divorce, that she did not receive notice from the Clerk of the Circuit Court or from any other person that the property was being or would be advertised and sold for taxes, that she did not receive notice of application for the tax deed in question and did not know that there were any taxes owing or delinquent on the property. The uncontradicted supporting affidavit of the Clerk of the Circuit Court of the county in which the land lies shows: that according to the public records of that county the title to the property was in plaintiff's name at the time the application for tax deed was made, that notice of the application was not mailed or given to plaintiff, to the former owners of the property, or to the municipality in which the property was located, and that he failed to execute and attach to the proof of publication of the notice and advertisement for sale a certificate to the effect that the address of the person last paying taxes upon the land was not shown by the tax collector's receipt book.
The only proof submitted by defendants in opposition to the motion is the affidavit of F.B. Locke to the effect that he and his wife had come into possession of the property in a "lawful" manner by virtue of the subject tax deed.
The appellants contend that the statutory presumption to the effect that "all [tax] deeds shall be prima facie evidence of the regularity of all proceedings" leading up to their issuance (Sec. 194.24, F.S., F.S.A.; see also Sec. 92.24, F.S., F.S.A.) is such that a material and controverted issue of fact was raised by their simple act of filing the tax deed in opposition to the motion for summary judgment, thus precluding its entry. *404 The trial court granted plaintiff's motion for summary judgment on the premise that the affidavit of the clerk admitting he had not complied with certain statutory requirements prerequisite to the issuance of a valid tax deed was a "sufficient showing to overcome the prima facie case of regularity in the proceedings leading up to the issuance of the tax deed."
The statutory requirements relating to notice as set out by Section 194.18, F.S., F.S.A., are mandatory and jurisdictional. Failure of the clerk to comply with them renders the tax deed void. Since it was shown without contradiction that the clerk failed to give notice as required by the statute, it follows that there was no issue of fact for determination by a jury. See Wells v. Thomas, Fla., 78 So.2d 378; Montgomery v. Gipson, Fla., 69 So.2d 305; Swigert v. Parker, Fla., 46 So.2d 16; Heinberg v. Andress, Fla., 45 So.2d 488, and Ozark Corp. v. Pattishall, 135 Fla. 610, 185 So. 333. The question remains, of what aid is a legal presumption to a party who is confronted with a motion for summary judgment and who relies on the tax deed as his sole proof?
There are several types of presumptions with varying effects and logically the same reasons that apply to their use at trial governs their use at the summary judgment hearing. See Moore's Fed. Pract., Vol. 6, § 56.11(10). Presumptions of law merely assist the party entitled to the benefit thereof by relieving him of the necessity at the outset of establishing the existence of the basic facts giving rise to the presumption. The prevailing rule is to the effect that when evidence is introduced rebutting any of such basic facts, the presumption vanishes and the party who relied on it is then put to the burden of producing evidence sufficient to overcome that which operated to destroy the presumption. Thus in Florida the presumption is regarded as a preliminary "rule of law" which may be made to disappear in the face of rebuttal evidence but which, in the absence thereof, compels a decision in favor of the one who relies on it. Davis v. Loftin, Fla., 75 So.2d 813; Leonetti v. Boone, Fla., 74 So.2d 551; Johnson v. Mills, Fla., 37 So.2d 906.[1]
The presumption under Sec. 194.24, F.S., F.S.A., operates in respect to each of the statutory requirements preliminary to the issuance of a valid tax deed. Where on motion of the holder of the tax title for summary judgment evidence is presented by the adverse party that has the effect of destroying the presumption of regularity attending one or more of the conditions precedent to the issuance of a valid tax deed, the summary judgment cannot be entered. It is elemental, of course, that the statutory presumption of regularity continues to attend in respect to those conditions precedent that are not challenged by the pleadings and proofs of one claiming against the tax title.
We are concerned here with a procedural presumption in that by legislative grace the defendants needed only to introduce the tax deed in evidence in order to be spared the necessity of proving that each statutory step leading up to its issuance had been complied with. At that point the burden shifted to the plaintiff to prove the invalidity of the deed. Coult v. McIntosh Inv. Co., 133 Fla. 141, 182 So. 594; Clark v. Cochran, 79 Fla. 788, 85 So. 250. This was met by the uncontradicted affidavits of the plaintiff and the clerk which were sufficient to overcome the prima facie validity of the tax deed. Failure of the defendants to come forward with any proof by way of counteraffidavit or otherwise to show that *405 there was a material issue of fact to be resolved made the entry of the summary judgment proper. See Juniper Mills v. J.W. Landenberger & Co., D.C., 6 F.R.D. 463.
It is the rule that if the party moving for summary judgment presents evidence which would require a directed verdict in his favor if presented at trial, the motion should be granted. Christianson v. Gaines, 85 U.S.App.D.C. 15, 174 F.2d 534; Miller v. Hoffman, D.C., 1 F.R.D. 290.
In McLeod v. Williams, 73 Fla. 338, 74 So. 408, 409, which was a suit in ejectment, plaintiff introduced a tax deed at the trial, relying on its prima facie validity, and rested, whereupon the defendant produced evidence tending to show that the tax deed was void because several of the statutory requirements relating to notice had not been complied with and the same was not rebutted. The trial court directed a verdict for the defendant and on appeal the Supreme Court in affirming said:
"Tax deeds duly issued pursuant to the statute are `declared to be prima facie evidence of the regularity of the proceedings * * *' But when a substantial defect in `the proceedings' that affect the validity of the tax deed is shown, the tax deed is ineffectual as title, unless the holder thereof sufficiently overcomes the showing made of the defect in the proceedings * * *. Where the prima facie effect given a tax deed by the statute is overcome, it is the duty of the party claiming under the tax deed to show its validity."
In Starks v. Sawyer, 56 Fla. 596, 47 So. 513, 514, plaintiff in ejectment relied on title by conveyance and descent against one who at the trial merely introduced the tax deed in evidence. Plaintiff then produced testimony of the Clerk of the Circuit Court to the effect that he had no record of having sent the appropriate notice of application for a tax deed to the owners. In reversing judgment based on a directed verdict for the defendant, the Florida Supreme Court said:
"The testimony as to the notice that was given was introduced by the plaintiffs, and it overcame the effect of the prima facie regularity of the proceeding afforded by the deed under the statute. It was therefore incumbent upon the defendants to show that the notice required by the statute was given, or that such notice was not required in this case. The defendant made no showing of compliance, or reason for not complying, with the quoted statute."
Also see Saunders v. Collins, 62 Fla. 273, 57 So. 342.
The effect of a statutory presumption on a motion for summary judgment and the necessity for counterproof when the presumption has been "destroyed" by rebuttal evidence is well illustrated in the case of Engl v. Aetna Life Insurance Co., 2 Cir., 139 F.2d 469, 473, in which, under applicable statutory law, failure of the insured or his beneficiary to make full disclosure as to consultations with physicians was presumed to be material to the validity of the insurance contract. The insurer attempted to defeat the policy by a defense to the effect that the insured misrepresented the facts as to consultations with physicians. On motion for summary judgment the insurer offered proof that the insured had consulted certain physicians and that insurer was prevented by the plaintiff beneficiary from establishing the nature of those consultations. In resisting the motion, the plaintiff beneficiary contended that she was not required to disclose her case in advance of trial at which she might produce evidence to controvert the statutory presumption. The district court granted the motion for summary judgment and the court of appeals affirmed on the theory that since the opposing party did not come forward with any countervailing proof, the movant was entitled to summary judgment, saying:
"In the present case we have from the plaintiff not even a denial of the basic *406 facts, but only in effect an assertion that at trial she may produce further evidence, which she is now holding back, to controvert the legal deduction from the New York statute and decisions that the conceded misrepresentations of the application are material. If one may thus reserve one's evidence when faced with a motion for summary judgment there would be little opportunity `to pierce the allegations of fact in the pleadings' or to determine that the issues formally raised were in fact sham or otherwise unsubstantial. It is hard to see why a litigant could not then generally avail himself of this means of delaying presentation of his case until the trial. So easy a method of rendering useless the very valuable remedy of summary judgment is not suggested in any part of its history or in any one of the applicable decisions."
The same principles apply to the case on review. If the persons relying on the tax deed had proof that the proceedings had in fact been conducted regularly or that the plaintiff had received notice, or if there was a question of the credibility of the clerk's affidavit, they were required to come forward with it when faced with the motion for summary judgment. They cannot, by the mere introduction of a tax deed in face of substantial evidence showing its invalidity, put the plaintiff to proof before a jury where the same proof could only result in a directed verdict in plaintiff's favor. That is one of the burdens that the summary judgment procedure is designed to relieve. One of its most valuable uses is to determine in advance whether the litigants really have any evidence they will offer at trial. See Slagle v. United States, 5 Cir., 228 F.2d 673; Atkins v. Humes, Fla.App., 107 So.2d 253.
Judgment affirmed.
CARROLL, DONALD and WIGGINTON, JJ., concur.
NOTES
[1] Under the minority rule presumptions are given the effect of evidence and must be weighed against the counterevidence and the conflict resolved by the trier of fact. Lewis v. New York Life Ins. Co., 113 Mont. 151, 124 P.2d 579; In re Atkinson's Will, 225 N.C. 526, 35 S.E.2d 638; Speck v. Sarver, 20 Cal.2d 585, 128 P.2d 16.