SMITH, HAROLD S., Associate Judge.
This is a timely appeal by General Mortgage and Finance Corporation.
Plaintiff-appellee sued defendant-appellant seeking an accounting and a lien for work done on an automobile owned by the defendant, which was at the time of the filing of the suit in the possession of the plaintiff. To this suit the defendant filed its motion to dismiss, whereupon the plaintiff filed his motion for summary decree with an affidavit to which the defendant filed its counter-affidavit. A hearing was held on both motions and the court denied the defendant’s motion to dismiss and granted the plaintiff’s motion for summary judgment, as well as entering its final decree. The final decree and summary judgment were entered prior to the defendant having an opportunity to file its answer.
In his motion to dismiss the defendant based the main thrust of his motion on the fact that a claim for storage charges was claimed in the original complaint. The ap-pellee abandoned any claim for storage charges when he filed his motion for summary judgment. The appellant’s counter-affidavit to the motion for summary judgment made general allegations but submitted no evidence to substantiate these allegations.
The Chancellor obviously took notice that the plaintiff had abandoned his claim for storage charges and that a motion for dismissal on such grounds would be moot and futile.
The defendant’s counter-affidavit contained nothing but bare general allegations, not evidence as required. One of the most valuable uses of summary procedures is to determine in advance whether the litigants have any evidence they will offer at trial. Locke v. Stuart, Fla.App.1959, 113 So.2d 402. The appellant’s failure to do so left the Chancellor with no alternative but to grant a summary decree to the appellee.
Affirmed.
ALLEN, C. J., and PIERCE, J., concur.