356 So.2d 840 (1978)
GENERAL PORTLAND LAND DEVELOPMENT COMPANY and Greater Florida Investment Company, a Joint Venture D/B/a Old Port Cove, Appellants,
v.
Marvin Lee STEVENS and Mary Catherine Stevens, Hembree Masonry, Inc., a Florida Corporation, Appellees.
No. 76-1279.
District Court of Appeal of Florida, Fourth District.
March 14, 1978.
Rehearing Denied April 18, 1978.
*841 Marjorie D. Gadarian of Jones, Paine & Foster, West Palm Beach, for appellants.
Nancy Little Hoffmann of Druck, Grimmett, Norman, Weaver & Scherer, Ft. Lauderdale, for appellees.
BURNSTEIN, MIETTE K., Associate Judge.
An Amended Complaint, alleging that the Plaintiff suffered injury as a result of a negligently operated buck hoist, was filed June 1971, against the Defendants, General Portland Land Development Company and The Greater Florida Investment Company (hereinafter referred to as Old Port Cove), and Hembree Masonry, Inc., (hereinafter referred to as Hembree). Hembree owned and leased the hoist to Old Port Cove, who cross-claimed that Hembree was an independent contractor furnishing the operator as well as the hoist.
On January 13th, 1973, the Plaintiffs and Hembree entered into a "Mary Carter Agreement", acknowledging joint liability with Old Port Cove and limiting recovery of Hembree. This agreement was not admitted into evidence.
The trial of January 19th, 1973, resulted in a verdict in favor of the Plaintiffs and against Old Port Cove, totalling $234,000.00. The verdict further stated, "We further find for the Defendant, Hembree Masonry, Inc." Final Judgment on the verdict in favor of the Plaintiff and against Old Port Cove was entered on February 26th, 1973, nunc pro tunc as of January 19th, 1973. Old Port Cove paid the Judgment and perfected its appeal on March 26th, 1973, which resulted in a reversal and remand for the refusal of the trial court to admit the Mary Carter Agreement into evidence.[1]
More than two months after the appeal was filed the trial court entered a Corrective Judgment, purportedly resolving all issues of liability against Old Port Cove and in favor of Hembree on the Cross-Claim.
On remand, an Amended Cross-Claim was filed November 5th, 1974, by Old Port Cove against Hembree and joining Aetna Insurance Company, Hembree's insurer, according to the Mary Carter Agreement. Trial was scheduled for May 10th, 1976.
On August 7th, 1975, Plaintiff's Motion to be dismissed as parties on the basis that the Judgment had been paid by Old Port Cove and the Plaintiffs had no interest in the outcome of the pending litigation was granted.
In the interim, Old Port Cove obtained a Judgment of $234,000.00 in a separate suit against Ronald Weber, the operator of the buck hoist.
On April 21st, 1976, Old Port Cove moved for partial summary judgment on the issue *842 of Weber's negligence, claiming that this issue had been determined in the suit against Weber. Hembree moved for summary judgment on the basis of res adjudicata, estoppel by judgment, collateral estoppel or estoppel by verdict and the law of the case. Hembree's Motion was granted and the Order stated "... under the circumstances of this case, Old Port Cove has no right of indemnity ..." from Hembree. It is the Final Judgment entered upon this Order which forms the basis for the present appeal.
The issues raised by appellant Old Port Cove are:
1. Whether the Court erred in entering Summary Final Judgment for Hembree on the basis that the claim for indemnity was barred by res adjudicata, estoppel by judgment, collateral estoppel, estoppel by verdict and law of the case.
2. Whether the Court erred in entering Final Summary Judgment for Hembree on the basis that Old Port Cove had no right of indemnity against Hembree.
Hembree maintains that the Judgment entered May 21st, 1973, was dispositive of the issue of liability between the Cross-Defendants and that since the Judgment was not appealed, it forms the basis of the res adjudicata claim.
Such position cannot be maintained. The appeal terminated the jurisdiction of the lower court to proceed in the subject matter of the appeal until the appeal is determined or unless authorized by the appellate court. Strauser v. Strauser, 303 So.2d 663 (Fla. D.C.A. 4th 1974) Hutchison v. Wintrode, 286 So.2d 231 (Fla. D.C.A. 2nd 1973)
Hembree relies on Fulton v. Poston Bridge & Iron, Inc., 122 So.2d 240 (Fla. D.C.A. 3rd 1960) to assert the position that the trial court retains jurisdiction for purposes of correcting its judgments.
However, the Fulton case contemplates clerical corrections and not those corrections which could change the status of the case so as to interfere with the rights the appellant may have asserted on appeal. The Order of May 21st, 1973, was void as being outside the jurisdiction of the trial court.
Since the Judgment rendered on February 26th, 1973, was the subject of an appeal which was reversed and remanded, clearly it cannot form the basis of res adjudicata. De Nafo v. Finch, 436 F.2d 737 (3rd Cir., 1971)
Where a Judgment is of such a nature that the rights of several co-parties are of a derivative or interdependent nature and injustice might result from a reversal as to less than all the parties, the appellate court will reverse the judgment as to all. Brookbank v. Mathieu, 152 So.2d 526 (Fla. D.C.A. 3rd 1963), 5B C.J.S. Appeal and Error § 1919 at page 411.
Further, a judgment which is reversed and remanded for new trial without specifying or limiting the issues to be retried is deemed to renew the entire case. Kenan v. Black, 150 Fla. 208, 7 So.2d 462 (1942)
The trial court concludes by its Order dated May 17th, 1976, that Old Port Cove has no right of indemnity from the Cross-Defendants. This conclusion presupposes certain findings of facts  facts which were adduced from the trial which was subsequently reversed, or from the allegations of the Plaintiff's original Complaint. Old Port Cove was not bound by the original allegations of the Plaintiff's Complaint that Old Port Cove was actively negligent. The Defendant is not "locked in" by the Plaintiff's allegations of active negligence, so as to preclude the Defendant from alleging in a Third Party Complaint that the Third Party is actively negligent. Central Truck Lines, Inc. v. White Motor Corp., 316 So.2d 579 (3 D.C.A. 1975); Crawford Door Sales Company, Inc. v. Donahue, 321 So.2d 624 (2 D.C.A. 1975)
The test of whether allegations stating a cause of action in indemnity are sufficient should not be determined on a Motion *843 for Summary Judgment. The Court must look to facts to prove an active/passive relationship of the tortfeasors upon which the claim of indemnity can rest. Stuart v. Hertz Corporation, 351 So.2d 703 (Fla. 1977).
Accordingly, the Judgment appealed is reversed and remanded.
DAUKSCH, J., concurs.
DOWNEY, J., concurs specially, with opinion.
DOWNEY, Judge, concurring specially:
I agree that the summary judgment was improperly entered and that the cause should be remanded for further proceedings on Old Port Cove's Amended Crossclaim.
I, therefore, concur in the result only.
NOTES
[1] General Portland Land Development Co. v. Stevens, 291 So.2d 250 (4 DCA 1974).