Leonard r. Mellon Executive Director Department of Highway Safety and Motor Vehicles
QUESTION:
Does an applicant registering a vehicle otherwise subject to the impact fee imposed by s. 320.072(1)(b), F.S. (1990 Supp.), have the option of paying the state use tax rather than the impact fee on a vehicle purchased in another state more than six months before it was brought into this state?
SUMMARY:
Pursuant to s. 320.072, F.S. (1990 Supp.), the Department of Highway Safety and Motor Vehicles is not authorized to impose and collect the impact fee as specified therein when the full 6 percent state use tax and applicable local option use taxes have been paid. The determination as to whether the use tax should be paid on vehicles purchased in another state 6 months or longer before being imported into this state is one which the Department of Revenue must make.
Section 320.072(1)(b), F.S. (1990 Supp.), as created by s. 74, Ch. 90-132, Laws of Florida, provides:
 In addition to the fee imposed by paragraph (a), there is imposed an additional $295 impact fee upon the initial application for registration pursuant to s. 320.06 of every motor vehicle classified in s. 320.08(2), (3), and (9)(c) and (d).[1]
A tax collector or other duly authorized agent of the Department of Highway Safety and Motor Vehicles (DHSMV) shall promptly remit all moneys collected pursuant to s. 320.072, less any refunds granted thereunder, to DHSMV.[2]
Pursuant to s. 320.072(3)(a), F.S. (1990 Supp.), the impact fee imposed by paragraph (1)(b) shall not apply to:
1. Any vehicle on which the sales tax and all applicable local option sales taxes pursuant to part I of chapter 212 have been paid.
2. Any vehicle on which the full 6-percent state use tax and allapplicable local option use taxes have been paid.[3]
3. Any vehicle 25 model years or older. (e.s.)
Section 212.06(8), F.S., in providing for the state use tax, provides:
Use tax will apply and be due on tangible personal property imported or caused to be imported into this state for use, consumption, distribution, or storage to be used or consumed in this state: provided, however, that is shall be presumed thattangible personal property used in another state, territory of the United States, or District of Columbia for 6 months orlonger being imported into this state was not purchased for use inthis state. (e.s.)
In light of the language of s. 212.06(8), F.S., DHSMV has taken the position that an applicant registering a vehicle subject to the impact fee may not pay the use tax to avoid payment of the impact fee on a vehicle purchased in another state more than 6 months before it was brought into this state. The Department of Revenue (DOR), however, has taken a contrary position.
Pursuant to s. 320.072, F.S. (1990 Supp.), DHSMV is responsible for the imposition and collection of the impact fee through the tax collector or other agents of that department only when the provisions of s. 320.072(3), F.S., are not applicable. While an individual may not, by tendering a nonexistent tax, avoid payment of a tax lawfully imposed, the determination as to whether tangible personal property is subject to the use tax is one which rests with the DOR. Nothing in s. 320.072, F.S. (1990 Supp.), vests any authority in DHSMV to determine whether the use tax has or has not been properly applied.
Moreover, s. 212.06(8), F.S., merely creates a presumption that tangible property purchased in another state more than 6 months before being brought to this state was not intended for use in Florida. As a presumption, it is subject to being overcome by evidence that the property was, in fact, intended for use in Florida.[4] The determination as to what constitutes sufficient evidence to overcome such a presumption is one which, at least initially, must be made by DOR and ultimately by the courts in an appropriate judicial proceeding.[5] Once, however, such a determination has been made that the presumption has been overcome, DHSMV has no authority to review such a determination for legal sufficiency.
Accordingly, I am of the opinion that pursuant to s. 320.072, F.S. (1990 Supp.), the Department of Highway Safety and Motor Vehicles is not authorized to impose and collect the impact fee authorized therein when the full 6 percent state use tax and applicable local option use taxes have been paid. The determination as to whether the use tax should be paid on vehicles purchased in another state 6 months or longer before being imported into this state is one which the Department of Revenue, not the Department of Highway Safety and Motor Vehicles, must make by determining whether the statutory presumption has been overcome.
RAB/tjw
[1] Section 320.08(2), (3), And (9), F.S. (1990 Supp.), establishes the license taxes for automobiles for private use, trucks, certain recreational-type vehicles, respectively.
[2] Section 320.072(5), F.S. (1990 Supp.). The department is responsible for depositing 30 percent of such funds into the Law Enforcement Trust Fund of the department; the remainder, after deduction the service charge imposed, is to be deposited into the State Transportation Trust Fund. And see, s. 320.072(4), F.S. (1990 Supp.), which provides for refunds.
[3] And see, s. 320.072(3)(b), F.S. (1990 Supp.), which provides that if the state use tax has been paid at a rate of less than 6 percent, the impact fee imposed by paragraph (1)(b) shall be reduced by that amount.
[4] See generally, Locke v. Stuart, 113 So.2d 402 (1 D.C.A. Fla., 1959) (presumption of law is a preliminary rule of law which may be made to disappear in the face of rebuttal evidence); Nationwide Mutual Insurance Co. v. Griffin,222 So.2d 754 (4 D.C.A. Fla., 1969) (generally when credible evidence comes into case contradicting basic fact or facts giving rise to presumption, presumption vanishes).
[5] See, Rule 12A.1007(2) and (3), F.A.C., relating to the imposition of the use tax on purchases outside Florida.