MATHEWS, Justice.
This is a suit in two .counts foi; wrongful death of the husband. One count is based upon the claim of the widow for damages under F.S. Section 768.01 and Section 768.02, F.S.A. The other count is based upon the claim of the widow, as adminis-tratrix of the estate of her husband.. The' question of negligence or liability on the part of the appellant is not involved. The jury returned a verdict of $19,000 for the surviving widow, and $21,000 to the admin-istratrix of the estate. •
The question of errors with respect to damages and charges to the jury are presented.
The deceased was 67 years of age and earned approximately $50 per week as a gardener. The widow was 47i/£ years of age and prior to her husband’s death had been earning about $35 per week.
The deceased was killed by being struck by an automobile. The pnly evidence of deceased’s consciousness after he was hit was the testimony of the driver of the automobile concerning movements of the deceased for a period of about ten seconds *318 after the accident. Deceased was immediately taken to a hospital and never spoke or showed any signs of consciousness except the movements of the body above mentioned. He was dead when he arrived at the hospital.
In charging the jury as to the damage which the administratrix was entitled to recover, the Court said:
“(2) The probable, prospective Estate which Orville Griffith might have acquired had he lived. In this connection you should take into consideration the age, sex, health, development, intelligence, habits, attainment, status and other matters affecting a fair judgment as to the probable prospective life estate and earning and saving capacity of the deceased. This probable, prospective estate is such that Mr. Griffith probably would have acquired during his life expectancy had he not been killed, and in ascertaining such damages:, if any, you may take into consideration his future life expectancy of 10.48 years.”
With reference to the damages to the widow, after correctly charging the jury with reference to the loss of comfort, services, support and other things, the Court included :
“(6) Such earnings and acquisitions to be ascertained upon the basis of the deceased’s age, health, business capacity, habits, experience, and energy, and his present and future prospects for prospective gains at the time of his death — all of these elements to be based upon the life expectancy of the deceased husband.”
It will, therefore, be observed that the jury was instructed by the Court that a portion of the damages for the adminis-tratrix should be based upon the probable, prospective estate which the deceased might have acquired, and that they were also instructed to consider the same element of damage in the charge concerning the widow’s damages. She could not recover damages in each count for the loss of the prospective estate. She was entitled to receive from the estate under a will, should there have been a will, or dower rights or a child’s part or she was entitled to receive the same element of damages as the widow under the count where she claimed as the surviving widow. She was not entitled to receive the same element of damages twice. The charge of the Court to the jury should have made it clear that if they allowed the widow these elements of damages under one count, she could not recover the same elements of damages under the other count. As the case was submitted to the jury the defendant is required to pay twice for the same element of damages.
Since a new trial must be granted on the question of damages, it will be proper to call attention to another charge of the Court which should be modified on new trial.
There was some conflict in expert testimony concerning the possibility or probability of pain and suffering of the deceased after he was struck. There is no direct testimony in the record that the deceased was conscious between the time of injury and death except that of a pathologist who testified that the deceased was conscious between injury and death. He also testified as follows:
“Q. • Doctor, can it be determined on an autopsy whether or not a man' has suffered pain? A. It cannot be so determined.”
The appellant was refused his requested instruction to the jury, reading as follows:
“The plaintiff in this case contends that the plaintiff is entitled to damages for pain and suffering of the deceased between the time of injury and death. Plaintiff has the burden of showing that the deceased did suffer pain as a result of the injury, even if you find the defendant negligent, and the plaintiff has the burden of showing that the deceased was conscious or in such state, be *319 tween the injury and death that he could feel and appreciate or suffer pain as a result of his injuries. Unless the plaintiff proves these element by a preponderance of the evidence you should not consider such an element of damages even if you find a verdict for the plaintiff.”
It was error to refuse the above charge.
Reversed, with directions to set aside the judgment and the verdict and grant a new trial upon the question of damages.
ROBERTS, C. J., and TERRELL and SEBRING, JJ., concur.