100 So.2d 204 (1958)
William D. GOOD, Appellant,
v.
Blanche S. OZER, Appellee.
No. 57-352.
District Court of Appeal of Florida. Third District.
February 6, 1958.
Gershon S. Miller, Miami Beach, for appellant.
Brown, Dean, Adams & Fischer, and L.N. Preddy, Miami, for appellee.
DREW, E. HARRIS, Associate Judge.
William D. Good sued Blanche Ozer for injuries to himself and damages to his automobile arising out of a collision which occurred by virtue of Blanche Ozer pulling her car suddenly from a parked position along the edge of a highway into the side of the car of William D. Good, while the said Good was proceeding in his lane of traffic adjacent to said row of parked cars in a lawful manner. At the conclusion of the plaintiff's evidence, the trial court directed a verdict for the defendant, motion for new trial was denied, final judgment was entered and this appeal followed.
We shall refer to the parties in this opinion as they appeared in the trial court.
It is the defendant's theory that the action of the trial court should be upheld because the evidence failed to show any act of negligence on her part. This conclusion is reached by the defendant on the basis of the conclusion that plaintiff's testimony established that he never saw the defendant's car until the moment of impact and, therefore, no act of negligence has been established upon which the defendant could be held liable. See Gilmer v. Rubin, Fla.App. 1957, 98 So.2d 367. This must have been the conclusion reached by the trial judge. We do not agree, however, that the record supports the conclusion reached by the defendant. An analysis of the testimony leaves no doubt in our mind that the sum of plaintiff's testimony was that the car pulled out from the curb without previous warning and struck his car *205 in the side. The jury could have believed, and we think the evidence would clearly have supported the belief, that the accident occurred in the manner described in an answer to a question propounded to the plaintiff, viz.:
"Well, I went to the bank at 71st and  71st Street and Abbott, transacted some business. From there I proceeded south on Abbott to 69th Street, turning right on 69th Street. I was going to  heading west on 69th Street, on the proper side, the right side of the street, and just as I had passed about midsection of this block a car darted out without any warning, unexpectedly to me, and hit me with a considerable force and jolted me so that my neck, my head flopped over here on my right shoulder, and I had to hold onto the steering gear reflexly; I held onto the steering gear tight and put on the brakes and stopped as quick as I could after this car had struck mine. It seemed that this car, that when I put on the brakes, that this car kept on coming and pushed me over on, say, ten or twelve feet over on the other side towards the other lane."
Because it is the traditional function of a jury to determine disputed issues of fact, the power to direct a verdict should be sparingly and cautiously exercised. If any reasonable theory of the evidence, including any lawful inferences that may be drawn therefrom, would have justified a verdict for the plaintiff, it was the duty of the court to submit such problem to the jury for its determination. See Katz v. Bear, Fla. 1951, 52 So.2d 903. Also see Hilkmeyer v. Latin American Air Cargo Expediters, Fla. 1957, 94 So.2d 821.
One driving along a street within a few feet of parked automobiles and with traffic moving in both directions is ordinarily helpless in preventing an accident where one in a parked car suddenly moves the car into the line of traffic. To suddenly stop would endanger those following and to pull out of the path would probably result in a collision with an approaching vehicle. The operator of a motor vehicle parked adjacent to a street or highway is charged with a very high degree of care in moving his parked vehicle from a place of safety into an area of potential danger. On the subject of the duty and liability of the owner or operator of a vehicle moving from a parking space into a lane of traffic and related subjects, see the annotation in 29 A.L.R., 2nd Series, beginning on page 107.
Reversed and remanded for a new trial
CARROLL, CHAS., C.J., and HORTON, J., concur.