DREW, E. HARRIS, Associate Judge.
The appellant, Morris Sinitz, sued Abraham Shapiro, d/b/a Allied Lawn Sprinkler System, for injuries received by him when an automobile driven by Abraham Shapiro was allegedly backed into him while he was standing on the curb near the rear of Shapiro’s car. At the conclusion of the plaintiff’s case, the trial judge directed a verdict for the defendant. This appeal is from the final judgment.
The following transpired at the close of the plaintiff’s evidence:
(The opening remarks are by counsel for appellee; defendant in the trial court.)
*459 “I move for a directed verdict on the basis of contributory negligence as a matter of law, and I would like to point out that Mr. Sinitz, the Plaintiff, has testified that he was standing on the curb, not on the sidewalk, and he saw Mr. Shapiro, the Defendant, come out of the drug store and come around and get in his car; that he saw Mr. Shapiro parked right behind another car and knew he would have to back up to get out; that he heard him start up his car and move it back two or three feet and hit him. There is no testimony by the plaintiff that he did anything to avoid the accident; that he moved out of the way or did anything at all to safeguard his own safety or anything to protect himself.
“(Thereupon both counsel argued to the Court on renewal of the motion, after which court reconvened and the following transpired:)
“The Court: Lady and gentlemen of the jury, we have been arguing on the motion presented to me by the defendant’s counsel for a directed verdict, which he made yesterday, and I held it up until we had a chance to go over the law in the case, and we have been in the office arguing it this morning.
“Only in circumstances where a Court does not believe sufficient evidence is before the jury to be presented to the jury, then he can take it away from the jury.
“In this instance, one of the pleas by the defendant was that the plaintiff was guilty of contributory negligence, and if he was guilty of contributory negligence to an appreciable degree, under our law in this State, he cannot recover. In this instance, it is my view, after listening to the testimony — and counsel was good enough to have some of it transcribed for me so I could have it before me— the testimony is very plain, that the plaintiff, Mr. Sinitz was standing on the sidewalk; that he knew that the car was directly in front of the truck owned by the defendant and knew the only way he could get out of there was to back up, and he saw him get in the car, heard him start the motor, and yet he continued to stand in the same spot on the curb, not looking out for himself, and he saw the car back up two to three feet.
“It has been plaintiff’s counsel’s contention that that only took about two-thirds of a second to a second to back up that two or three feet, or whatever it might be, hearing the motor start, seeing him back up, and still not getting out of the way. There is no evidence that he stepped off the sidewalk; he was still on the curb. Plaintiff says he doesn’t know whether he moved or not, is not sure, but in any event, he didn’t move far enough. There is no evidence that he could not have moved far enough to avoid being hit.
“In view of those circumstances, I am going to direct a verdict for the defendant in this case. The testimony is very plain to me by both Mr. Sinitz and Mr. Shapiro, immediately upon Mr. Sinitz hollering, the car stopped right away, so evidently he couldn’t have been going very fast in backing up. If that be true, and they both say it is, in view of all those circumstances, I am compelled to grant defendant’s motion for a directed verdict.”
The factual situation was that Shapiro’s car was parked adjacent to the curb in the first parking space at the corner of 75th and Collins Avenue in Miami Beach. The rear end of Shapiro’s car was very close to the crosswalk at the intersection. There was a car parked in front of Shapiro’s car but none at the rear. Sinitz was standing on the curb near the rear of Shapiro’s car and his testimony is that Shapiro backed up his car without any warning and struck him on the knee resulting in injuries.
*460 Shapiro's car was a panel truck. There were no windows in the truck on either side back of the front door. There was a window in the back of the truck but from the driver’s seat the driver could hot see a person standing near the rear of the car on the right hand side. No warning such as the blowing of a horn was given but the record shows that Shapiro entered his car, started the motor and, according to Shapiro, backed up slowly. He then said.
“I hadn’t backed up not quite even three foot because my car was stopped immediately as soon as I heard the scream — not a scream, a yell sort of, I would say hey, away, ho, or something to that effect. I immediately looked into my rear view mirror and I saw that gentleman’s head in the mirror as he was bending over the car and I immediately applied my brakes at that particular time.
“I stopped the motor and I got out and went around to the rear of the car where I saw this gentleman again standing on the curb. . He was bending over yet and holding the side of his knee, the front of his knee, and kind of hobbling about a little bit, at which time I said to him, ‘Did I hurt you?’ He said, ‘No.’ I said, ‘Did the car back into you?’ He said, ‘No, I am all right.’ ” (Testimony of Shapiro as an adverse witness under the law.)
The plaintiff’s testimony was to the effect that the car backed up and struck him without any reasonable opportunity of him getting out of the way.
We think the conclusion is inescapable from the above related facts, as well as from the conclusions reached by the trial judge that, under the law and the decisions of the Supreme Court and this Court, a factual issue was involved which required a submission of the case to the jury and that the court erred when he granted the directed verdict. Under the evidence the jury could have assumed that the car of Shapiro was placed in motion without previous warning and that the overhanging fender struck the plaintiff who was lawfully standing on the curb. The jury could have found that the automobile was removed from its place along the curb without any previous warning and that the plaintiff was not negligent in failing to observe it or in failing to get out of the way of it. The jury could have inferred that the plaintiff was standing at the curb waiting to cross the street and looking at the traffic light and that his attention was thereby diverted which would have justified his assertion that he did not see the car move toward him.
As to the duties and responsibilities of persons moving a parked car, see the Opin-ión this day rendered in Good v. Ozer, Fla.App., 100 So.2d 204. While the factual situation in the foregoing case is different from that involved here, the general principles announced as to the duty of one moving a car from a parked position are clearly applicable.
The cause is reversed and remanded for a new trial.
CARROLL, CHAS., C. J., and HORTON, J., concur.