118 So.2d 658 (1960)
Allene ALESSI and John Alessi, Her Husband, Appellants,
v.
Robert W. FARKAS and Barbara Ann Farkas, Appellees.
No. 1374.
District Court of Appeal of Florida. Second District.
March 2, 1960.
Rehearing Denied March 24, 1960.
*659 Leonard Robbins, Robbins, Cannova, Watson & DeTardo, Hollywood, for appellants.
Willis H. Flick, Blackwell, Walker & Gray, Miami, for appellees.
ALLEN, Chief Judge.
This is an appeal by plaintiff-appellants from a final judgment for defendant-appellees entered in a personal injury action. Plaintiff-Alessi and her husband filed a complaint alleging that while Aliene Alessi was driving her automobile in a westerly direction on Rodman Street in Hollywood, *660 Florida, the defendant, Barbara Ann Farkas back her automobile out of a driveway on the south side of the street into the path of plaintiff and collided with plaintiff's automobile on the left front side. As a result of this collision, the plaintiff alleged that she suffered an injury to her back and cervical spine and had been damaged in the amount of $1,527.63 for medical expenses, damages to the auto, household help and medications, plus an alleged 15% permanent partial disability of her body.
The defendants filed a motion to strike and a motion to dismiss which were denied by the lower court. The defendants then answered denying the allegations of negligence and alleged that plaintiff-wife's own negligence was the proximate cause of the accident.
Trial by jury was had and at the end of plaintiffs' case, the defendants moved for a directed verdict. The court reserved ruling on this motion and at the end of the trial defendants renewed this motion at which time plaintiffs also moved for a directed verdict. The court reserved ruling on this motions also. The court, over plaintiffs' objections, instructed the jury on contributory negligence and after deliberation, the jury returned a verdict finding for both plaintiffs against both defendants and assessed the injured plaintiff, Aliene Alessi's damages as "none" and John Alessi's damages at $1,527.53.
The plaintiffs then moved for a new trial on the question of damages only, and the defendants moved to set aside the verdict and to enter judgment for the defendants or in the alternative for a new trial.
The court denied plaintiffs' motion for new trial on damages; entered an order holding that plaintiff was guilty of contributory negligence as a matter of law; and granted defendants' motion for a directed verdict. Thereafter final judgment was entered for the defendants from which plaintiffs take this appeal.
The facts are not in dispute as to how the accident occurred. The plaintiff, Aliene Alessi, was proceeding west on Rodman Street. After stopping at 23rd Avenue as required by the traffic control, she proceeded west in her proper lane of traffic on Rodman Street, a two lane-two way street. After passing the corner, her auto was suddenly struck on the left front side by the rear of defendant Barbara Ann Farkas' auto which had backed into the street over half-way across from a drive-way on the south side of Rodman Street. The plaintiff stated that she did not see the Farkas auto at any time until she had brought her auto to a stop about sixty feet past the point of impact. The collision occurred during the daytime in the north side of Rodman Street.
The question before this court, therefore, is whether the testimony and evidence adduced in the trial below shows that the plaintiff, Aliene Alessi, was guilty of contributory negligence as a matter of law. It is fundamental that a negligence cause should never be withdrawn from the jury unless it appears as a matter of law that a recovery cannot be had upon any view of the facts which the evidence reasonably tends to establish. Gudath v. Culp Lumber Company, Fla. 1955, 81 So.2d 742, 53 A.L.R.2d 846. Moreover, it is generally held that the issue of contributory negligence is to be determined by the jury and ordinarily it should not be disposed of by the court in a peremptory manner. 23 Fla.Jur. Negligence, Sec. 129. Thus, when the question of contributory negligence arises on a state of facts from which reasonable men might draw different conclusions, either as to the facts or the conclusions or inferences to be drawn therefrom, the question should be submitted to the jury.
Courts should be reluctant to set aside jury verdicts or to grant a directed verdict after the jury's verdict has been entered when the evidence adduced is reasonably *661 susceptible of supporting the issue or issues presented. Cutchins v. Seaboard Air Line Railroad Co., Fla. 1958, 101 So.2d 857; Good v. Ozer, Fla.App. 1958, 100 So.2d 204. A party moving for a directed verdict admits not only the facts established by the evidence presented but also admits every conclusion favorable to the adverse party that a jury might reasonably infer from the evidence. Negligence cases frequently contain evidence from which reasonable men often derive conflicting conclusions. Thus in a case of this nature, unless the evidence as a whole, with all reasonable deductions to be drawn therefrom, points to only one possible conclusion, the trial judge is not warranted in withdrawing the case from the jury or setting aside a jury's determination on conflicting evidence and substituting instead his own evaluation of the evidence. See Nelson v. Ziegler, Fla. 1956, 89 So.2d 780. We note in passing that the Nelson v. Ziegler case, which was cited by the lower court as support for its order setting aside the jury's findings, specifically warns of the impropriety of granting a directed verdict, where the evidence is susceptible of more than one reasonable interpretation.
The lower court apparently based his ruling that plaintiff was guilty of contributory negligence as a matter of law on the basis that had the plaintiff maintained a proper lookout the accident could have been avoided. Suffice it to say that evidence as to this contention was properly submitted to the jury along with the sequence of events and distances covered by the plaintiff and defendant and the jury found that the defendant's negligence was the proximate cause of the accident. We are not here confronted with an intersection collision and the principles of "lookout" established by that type case, but rather we are concerned with a motorist traveling through a residential neighborhood in the proper lane of the street at a reasonable rate of speed when struck by another vehicle which had been abruptly backed out from a private driveway across one lane of the street and into the plaintiff's lane of traffic. So, although the plaintiff was charged with the responsibility of having her vehicle under control at all times commensurate with the circumstances and the locale, this court is not able to hold that she was under a duty to look into each of the numerous driveways along both sides of a residential street in order to avoid colliding with a reckless party who may back an automobile into plaintiff's path. In LeFante v. Miami Air Conditioning Co., Fla.App. 1959, 111 So.2d 725, the court stated that a motorist could not be cast with a duty to look-out premised on an assumption that other vehicles could be expected in the wrong traffic lane in violation of the traffic laws. We note here that the defendant in the instant case was required by a city ordinance to yield to the plaintiff's vehicle, (see ordinance of City of Hollywood No. 342, sec. 49) and having failed to do so is prima facie evidence of negligence to be considered along with other evidence of facts and circumstances. See Allen v. Hooper, 126 Fla. 458, 171 So. 513; Clark v. Sumner, Fla. 1954, 72 So.2d 375, citing with approval Allen v. Hooper.
We are of the opinion that the record amply supports the finding of the jury that defendant's negligence was the proximate cause of the accident. There is little, if any, evidence of contributory negligence on the part of plaintiff and even so the question was properly resolved by the jury. We are not warranted in weighing the evidence and resolving any differences there may be between the various witnesses nor is a trial court so warranted, for the fundamental reason that such function is properly within the province of the jury. Having concluded that the jury finding as to defendant's liability must be reinstated, we will now comment on the unusual award of damages by the jury.
As has been stated previously, the jury returned a verdict for plaintiffs, assessing plaintiff Aliene Alessi's damages as "none" and plaintiff John Alessi's damages at *662 $1,527.53. After a careful review of the record we note that the amount awarded John Alessi was the total damages alleged for medical expense, damage to his automobile, household help and medications. The record discloses that he paid the above bills and also that the automobile involved was registered in his name when his wife was involved in the accident. It therefore appears that the jury intended to re-imburse John Alessi for his out-of-pocket expense brought about by defendant's negligence.
In an attempt to ascertain the reason for the absence of the award of any damages to Aliene Alessi for pain and suffering and her alleged permanent partial disability, we have examined the medical testimony for some explanation. It is noted that Mrs. Alessi was in an automobile accident in August, 1957, which was some four months prior to present accident in December, 1957. In the first accident Mrs. Alessi suffered back and neck injuries and was still receiving treatment for these injuries at the time of the second accident. The medical testimony is susceptible to different interpretations, one of which is that the pain and suffering alleged in the instant action could have been a continuation of the after-effects of the first accident. The jury having had the benefit of this medical testimony, tested by the acid of a thorough cross-examination, and having apparently concluded that Mrs. Alessi's present discomfort was precipitated by the prior accident, this court is of the opinion that the evidence is insufficient to warrant a new trial on the issue of damages.
We, therefore, conclude that the cause must be reversed and the jury verdict reinstated with judgment entered thereon according to the views herein expressed.
Reversed.
SHANNON, J., and DAYTON, ORVIL L., Jr., Associate Judge, concur.