ALLEN, Chief Judge.
The appellants, as plaintiffs in the lower court, sought damages by their amended complaint for personal injuries received when an automobile owned by plaintiff Kate Barr, and being driven by plaintiff Thomas G. Barr, was involved in an intersection collision with an automobile owned by defendant Abe Matut and being driven by defendant Morris Mizrahi. The defendants answered alleging that plaintiff driver’s contributory negligence was the proximate cause of the accident. After a trial on the issues the jury found for the plaintiffs awarding them $4,278.58 in damages. The defendants moved to set aside the verdict and to enter judgment in accordance with their prior motion for directed verdict upon which the court had reserved its ruling. The defendants also filed a motion for a new trial on the same date.
The court thereafter entered judgment for the defendants stating that plaintiff was guilty of contributory negligence as a matter of law.
At approximately 7:15 A.M. on November 20, 1958, the defendant Mizrahi was operating an automobile owned by the other defendant, Matut, in a westerly direction on Azeele Avenue approaching the intersection of Albany Avenue in Tampa. The plaintiff, Thomas G. Barr, was operating an automobile owned by his wife, Emma Kate Richards Barr, in a southerly direction on Albany Avenue approaching the intersection. The two automobiles collided upon entering the intersection. This intersection of Azeele and Albany Avenues is an “uncontrolled” or “free” intersection with no posted traffic controls. The plaintiff’s vehicle had travel-led approximately 16 feet into the intersection and the defendant’s vehicle had travelled approximately 15 feet into the intersection before the impact. The speed of the defendant’s vehicle was 12-15 miles per hour and the speed of the plaintiff’s vehicle was 15 miles per hour.
The plaintiff had an unobstructed view of approximately one block to his left down Azeele Avenue, the direction from which the defendant’s vehicle was approaching. The plaintiff stated that he looked to the left and to the right but that he saw the defendant’s vehicle when it was only a couple of feet away. The defendant *510 driver testified on cross-examination that he did not see the plaintiff’s automobile until it was across the intersection; that he thought plaintiff was going to make it across; and that in view of the defendant’s slow rate of speed his brakes were not applied. There was some question about the visibility through the windshield and right windows of the defendant’s automobile. The defendant stated that he had cleaned the dew off of the windshield and right window prior to leaving home but that at the time of the accident the windows were “shadowy.” A city of Tampa police officer, W. H. Cromer, testified concerning the condition of the defendant’s automobile as follows:
“Q. Now, in observing the car, did you notice anything unusual concerning the appearance of the 1955 Pontiac driven by Morris Mizrachi? (sic) A. Yes sir, the car was covered with heavy dew on the windshield and windows.
“Q. Did you have occasion to get into the car? A. Yes sir.
“Q. While in the car, did you attempt to look through the right window of the automobile? A. Yes sir.
“Q. Could you see? A. No sir.
“Q. How about the front, the condition of the glass where the wipers were? A. Well, it had wiped there, but where it had not wiped, there was dew.
“Q. As far as the condition, could you see through it? A. No sir.”
The applicable ordinance for an uncontrolled intersection provides that the one entering the intersection first shall have the right of way but that if two vehicles enter at the same time the one on the right shall have the right of way. In his order setting aside the jury verdict and entering judgment for the defendant, the court stated:
“The evidence is conflicting as to whether or not defendant, Morris Miz-rahi, was guilty of negligence in the operation of the car but the state of stick evidence is that the jury was warranted in finding, as they did in their verdict, that he was guilty of negligence. This leaves only the question of whether or not plaintiff, Thomas G. Barr, was guilty of contributory negligence in the operation of his car. It clearly appears from his own testimony appearing in the record in his cross-examination by counsel for defendants, that plaintiff, Thomas G. Barr, was guilty of contributory negligence, thus preventing plaintiffs’ recovery, and I am impelled to so find.” (Emphasis added.)
 The considerations and principles which would warrant a trial judge to grant a reserved motion for a directed verdict are the same as those involved when the motion is ruled upon at the close of the evidence. Hilkmeyer v. Latin American Air Cargo Expediters, Fla.1957, 94 So.2d 821. It is axiomatic that the party moving for a directed verdict admits not only the facts stated in the evidence presented but he also admits every conclusion favorable to the adverse party that a jury might freely and reasonably infer from the evidence. The essential requirement to be observed is that mere speculation should not be allowed to do duty for all reasonably possible inferences favoring the party whose case is attacked. Galloway v. United States, 1943, 319 U.S. 372, 63 S.Ct. 1077, 87 L.Ed. 1458.
As the courts of this state have emphasized, the function of the jury to weigh and evaluate the evidence is particularly important in negligence cases where reasonable men often draw varied conclusions from the same evidence. In cases of this nature, unless the evidence as a whole with all reasonable deductions to be drawn therefrom, points to but one possible conclusion, the trial judge is not warranted in setting aside a jury’s finding and substituting his own valuation of the weight of the evidence. Nelson v. Ziegler, Fla.1956, 89 So. *511 2d 780; Alessi v. Farkas, Fla.App.1960, 118 So.2d 658.
The lower court in the instant case quoted in the order setting aside the jury verdict considerable testimony of the plaintiff to the effect that he did not see the defendant’s automobile notwithstanding the fact that plaintiff contended he looked in both directions before crossing the intersection. In Nelson v. Ziegler, supra, the Court commented in regard to a similar factual issue by stating [89 So.2d 782]:
“From a distance of about 75 feet one witness was able to see Nelson crossing the street. We have no direct proof of a ‘darting out’ or ‘sudden emergency’ situation. Nelson was apparently well out into the west lane of the north-bound traffic channel when he was struck by the left front fender and headlight of Mrs. Ziegler’s car. Why she failed to see him, neither she nor anyone else tendered evidence. It is for this reason that we take the view hereafter announced that it was purely a question for the jury to decide whether under the circumstances she could and should have seen the man and observed his peril in time to have avoided the injury by the exercise of reasonable care commensurate with the circumstances.” (Emphasis added.)
Even assuming negligence on the part of both parties, the correct principle applicable to the defense of contributory negligence is stated in Nelson v. Ziegler, supra, as follows:
“ * * * only in those cases where negligence of a plaintiff proximately contributes to the cause of his own injury and damage will such negligence bar recovery. A plaintiff can be guilty of some negligence but unless it is negligence that proximately contributed to causing the injury, then the negligence of the defendant, if established, remains the proximate cause and despite the fact that the plaintiff is guilty of some negligence, the defendant can still be held liable.”
After a careful review of the record, we are of the opinion that the evidence amply supports the findings of the jury that the defendant’s negligence was the proximate cause of the accident. Any evidence of contributory negligence was properly resolved by the jury and we are not war-' ranted in weighing the evidence and resolving any differences there may be between the witnesses nor is a trial court so warranted, for the fundamental reason that such function is properly within the province of the jury. See Alessi v. Farkas, supra.
Other issues raised by the appellant and the appellee have been considered and do not, we feel, warrant discussion. We, therefore, conclude-that the cause must be reversed and the jury verdict reinstated with judgment entered thereon according to the views herein expressed.
Reversed.
KANNER and SHANNON, JJ., concur.