126 So.2d 895 (1961)
Cheryl Lynn MORRISON, Deceased, a minor, by her mother, Patricia Morrison Rowe; Patricia Morrison Rowe, Administratrix of the Estate of Cheryl Lynn Morrison, Deceased, and Patricia Morrison Rowe, Appellant,
v.
C.J. JONES LUMBER CO., Inc., a Florida corporation, and Albert Wilder, Appellees.
No. 1848.
District Court of Appeal of Florida. Second District.
February 15, 1961.
Melvin T. Boyd of Blackwell, Walker & Gray, Miami, for appellant.
James A. Franklin, Jr., of Henderson, Franklin, Starnes & Holt, Fort Myers, and *896 Dixon, DeJarnette, Bradford & Williams, Miami, for appellees.
SHANNON, Judge.
This is an appeal from a negligence case in which the trial court granted defendants' motion for a directed verdict on all counts, at the close of the plaintiff's case.
On the evening of September 25, 1956, at approximately 6:30 p.m., the plaintiff was driving East toward Miami, on the Tamiami Trail. With her in the car were a Mrs. Garner in the right front seat, the plaintiff's infant daughter in the middle front seat, and two Garner children in the rear seat. The road was under construction and on the South side, the plaintiff's right side, were a great many sand piles which protruded out into the highway two or three feet. There was no center line on the highway and it was already dark. Because of the sand piles it was necessary for the Eastbound traffic to travel near the center of the road and there was just enough room for two cars to pass. It appears from the record that the plaintiff was driving between 30 and 35 miles per hour and that she saw a single light approaching from the opposite direction. From the fact that there was only one light, and from the way it bounced up and down, the plaintiff concluded that the approaching vehicle was a motorcycle. She also testified that this light appeared to be about two feet from the North boundary of the highway. As it turned out, this light was the right headlight of the defendants' truck; the left headlight having burned out. According to the plaintiff's testimony the truck did not blink its lights and she never saw any other lights or reflectors. Both vehicles continued in a straight line, more or less, and it was not until the plaintiff was almost abreast of the other vehicle that she realized its true size. Immediately thereafter the plaintiff's left front fender hooked into the truck's saddle tanks.
As a result of the accident the plaintiff received serious personal injuries and her infant daughter was fatally injured. This suit was instituted in three counts. In count one, the plaintiff sought recovery as parent for the wrongful death of her child; in count two, she sought recovery as administratrix of the child's estate for pain and suffering before the child died; and in count three, she sought to recover for her own injuries. The defendants answered, denying negligence and alleging contributory negligence on the part of the plaintiff.
After the plaintiff had presented her case, the court granted the defendants' motion for a directed verdict on all three counts. The record reflects that the directed verdict was granted on counts one and three on the grounds of contributory negligence. As to count two, the court granted a directed verdict for failure of the plaintiff to prove her case. There are two questions raised on this appeal, namely: 1) whether or not the court erred in granting defendants' motion for directed verdict; and 2) whether or not the court erred in entering a final judgment which taxed costs after objections had been filed to the cost bill and without counsel for the plaintiff being present.
In reviewing the trial court's decision to grant a directed verdict for the defendants, we are bound to the well-established rule that the party moving for a directed verdict is deemed to admit all inferences in favor of the non-moving party that may reasonably be found from the evidence. See Henderson v. Tarver, Fla.App. 1960, 123 So.2d 369; Budgen v. Brady, Fla.App. 1958, 103 So.2d 672; Atlantic Coast Line R. Co. v. Burquest, Fla.App. 1958, 101 So.2d 828.
Two separate statutory provisions are important in discussing the directed verdict as to counts one and three. The first provision involves the burned out headlight on the defendants' truck. Under § 317.47, Fla. Stat., F.S.A., the defendant is required to have two headlights on the *897 truck and under § 317.46, Fla. Stat., F.S.A., these lights should have been operating at the time of the accident. The plaintiff's evidence that only one of these lights was operating established a statutory violation and therefore a prima facie case of negligence. Alessi v. Farkas, Fla.App. 1960, 118 So.2d 658; Clark v. Sumner, Fla. 1954, 72 So.2d 375.
The second provision involves § 317.25, Fla. Stat., F.S.A., the pertinent portions of which read as follows:
"Upon all roadways of sufficient width a vehicle shall be driven upon the right half of the roadway, except as follows:
* * * * * *
"(2) When the right half of a roadway is closed to traffic while under construction or repair."
The defendants contend that the plaintiff was guilty of contributory negligence by driving in the center of the highway in violation of this section. Contributory negligence, under these facts, would bar the plaintiff's claim for the wrongful death of her child as well as her claim for personal injuries. See Klepper v. Breslin, Fla. 1955, 83 So.2d 587. However, there are two defects in the defendants' position. In the first place, subsection 2 of the statute, as noted above, makes an express exception when the right side of the road is under construction, and for the purposes of the motion for directed verdict, the plaintiff's testimony about the construction and the sand piles must be taken as admitted. In the second place, the record is not definite about whether or not the plaintiff was out of her lane. The plaintiff's testimony reads as follows:
"Q. What portion of the road were you traveling, on the right or near the middle or where?
"A. I was pretty well near the center of the road."
In light of these defects, we cannot agree that the plaintiff's own evidence established contributory negligence as a matter of law. Such a question is generally left to the jury, as we noted in Alessi v. Farkas, supra. After a close and careful study of the record in this case we must conclude that the jury could find the proximate cause of the accident was negligence on the part of the defendant driver. However, as the Supreme Court said in the case of Brightwell v. Beem, Fla. 1956, 90 So.2d 320, at 323:
"* * * We are frank to concede that the problem posed by the instant case is both difficult and close and we can understand why a trial judge who does not have available to him the opportunity to analyze carefully and cautiously a written transcript of the record might in the course of a trial, when he is called upon to make prompt and immediate decisions, come to the conclusion that there was a failure of proof of negligence that would justify taking this case away from the jury. Had he had the opportunity, however, to evaluate all aspects of the cause on the basis of a complete transcript of the record, as we have had, we are inclined to believe that he would have submitted the problem to the jury.
"We have a natural reluctance to disagree with a decision of this nature arrived at by an able and experienced trial judge. Nevertheless, in this instance we are compelled to conclude that a directed verdict for the defendants at the close of the plaintiff's case should not have been given."
Turning now to count two, wherein the plaintiff sought damages for the pain and suffering that the minor child suffered before death, the trial court granted a directed verdict on the grounds that the plaintiff failed in her proof. The only evidence on this count is found in the testimony of the plaintiff-mother and is limited to the fact that Cheryl Lynn was not killed instantaneously in the crash, but died some five hours later in a hospital. This in itself is insufficient. Damages for pain *898 and suffering may be recovered under our law in a situation such as this, but it rests with the plaintiff to prove the period of time that the decedent was conscious of pain. See Dobbs v. Griffith, Fla. 1954, 70 So.2d 317. Proof on these elements was missing in the case at bar, and the trial court was correct in directing a verdict on this count.
Since the directed verdict on counts one and three must be reversed and the case remanded for further proceedings, we do not find it necessary to pass upon the appellant's second question involving costs in the court below.
Affirmed in part and reversed in part.
ALLEN, C.J., and KANNER, J., concur.