SMITH, D. C., Associate Judge.
This suit arose out of a railroad crossing collision. A jury trial resulted in a verdict in favor of the widow of the driver of an automobile which was hit, as it crossed the railroad tracks, by one of the defendants’ trains.
The plaintiff predicates her right of recovery upon the defendants’ failure to give adequate warning of the train’s approach and defendants’ failure to maintain the Railway Company’s right of way immediately adjacent to the crossing in such manner as to afford a reasonably unobstructed view of an oncoming train to any one using said crossing.
The appellants, defendants below, to a large extent base their appeal on Apalachicola Northern Railroad Company v. Tyus, Fla.App.1959, 114 So.2d 33, which decision has been quashed by the Supreme Court- of Florida while the appeal in the instant case has been pending, see Tyus v. Apalachicola Northern Railway Company, Fla.1961, 130 So.2d 580.
The apppellants assert that the Court erred in failing to direct a verdict for the defendants when the evidence submitted eliminated the statutory presumption and the plaintiff failed to meet the burden of proving some act of negligence on the part of the defendants. The record discloses a conflict in the testimony on the question of defendants’ negligence. Such conflict presents a question for the jury. See Tyus v. Apalachicola Northern Railroad Company, supra; Myers v. Atlantic Coast Line Railroad Company, Fla.1959, 112 So.2d 263; and Martin v. Rivera, Fla.App.1958, 99 So. 2d 617. The motion for directed verdict was properly denied.
We have carefully studied the record. The evidence does not show that the deceased was familiar with the crossing. The verdict is supported by the evidence. The trial court did not err in granting and denying certain instructions complained of by the defendants.
The judgment appealed from is affirmed.
SHANNON, C. J., and ALLEN, J., concur.