152 So.2d 526 (1963)
Marion Harvey BROOKBANK and Yell for Pennell, Inc., a Florida corporation, Appellants,
v.
Peter MATHIEU, Sr., and Ida Z. Mathieu, Appellees.
No. 62-456.
District Court of Appeal of Florida. Third District.
April 9, 1963.
Rehearing Denied May 14, 1963.
*527 Walton, Lantaff, Schroeder, Atkins, Carson & Wahl, Miami, for appellants.
Blackwell, Walker & Gray, Melvin Boyd, James E. Tribble, Miami, for appellees.
Before CARROLL, HORTON and BARKDULL, JJ.
HORTON, Judge.
Appellant Brookbank, defendant below in a negligence action, seeks review of two adverse money judgments and an adverse judgment on his counterclaim. Appellant Yell for Pennell, Inc., [hereinafter referred to as Pennell] co-defendant below, has filed a joinder in appeal to review the money judgments.
Brookbank obtained permission from his employer, Pennell, to leave work and attend to some personal business. He proceeded to his home, obtained his personal car, and, together with his wife and child, set out for downtown Miami. Pennell had a plumbing job several blocks off Flagler Street near N.W. 18th Avenue. On his way downtown, Brookbank turned off Flagler Street onto N.W. 18th Avenue, intending to drive by the job site and see if a co-worker was there. He did not intend to stop nor had he been instructed to do so by Pennell. The appellees, who resided on N.W. 18th Avenue, had pulled out of their driveway and were proceeding southward on 18th Avenue at a speed of three to five miles per hour. Appellee husband was driving. Brookbank was traveling at a speed of approximately twenty miles per hour. At a point approximately 75 feet from the intersection of Flagler Street and N.W. 18th Avenue, the parties were involved in a collision, the left front of Brookbank's car striking the corresponding section of the appellees' car The two vehicles appeared to be headed straight into each other. There was no marked center line on 18th Avenue at the point where the accident occurred. Each party contended that the other was driving over the imaginary center line.
The appellees brought suit against Brookbank alleging negligence and seeking damages for personal injuries. Brookbank answered in the form of a general denial, alleging contributory negligence as an affirmative defense, and counterclaimed charging the appellee husband with negligence. Subsequently the appellees were permitted to amend their complaint to add Pennell as a party defendant. Ultimately the cause came on for trial. The appellees called Brookbank as an adverse witness and he testified that just prior to the accident he was not looking at the road directly ahead of him, but was looking to his right at a driveway adjacent to a large building. When he returned his attention to the road, the appellees' car was about 25 feet away. At one point Brookbank testified that he did not take any evasive action prior to the collision. Later he stated that he tried to stop but did not have sufficient time. The appellees testified that after the accident Brookbank said he was sorry and that he was not looking. Brookbank admitted a *528 conversation with the appellees but said he did not recall making such a statement. At the conclusion of all the evidence the trial court directed verdicts in favor of the appellee wife against both defendants and in favor of the appellee husband on Brookbank's counterclaim. The issues of negligence and contributory negligence were considered by the jury only as they related to the claim of the appellee husband in whose favor it returned a verdict. Subsequently, the trial court entered the judgments appealed.
The appellants contend the trial court erred in directing verdicts against them. We find this contention has merit.
The authority to direct a verdict should be exercised with caution in order to avoid any encroachment on the right of a litigant to a jury trial. See 32 Fla.Jur., Trial, § 84, and numerous cases cited therein. This is especially true in negligence cases where the function of the jury to weigh and evaluate the evidence is particularly important since reasonable men often draw varied conclusions from the same evidence. Barr v. Mizrahi, Fla.App. 1960, 124 So.2d 508. In such cases the trial judge is not warranted in directing a verdict unless the evidence as a whole, and all reasonable deductions to be drawn therefrom, points to but one reasonable conclusion. See Barr v. Mizrahi, supra; Alessi v. Farkas, Fla.App. 1960, 118 So.2d 658; Nelson v. Zeigler, Fla. 1956, 89 So.2d 780. Put another way, he may not direct a verdict where there is any evidence on which the jury could lawfully find for the movant's adversary, Carney v. Stringfellow, 73 Fla. 700, 74 So. 866; Hillsborough Grocery Co. v. Leman, 51 Fla. 203, 40 So. 680, even if a preponderance of the evidence appears to favor the movant. Cameron & Barkely Co. v. Law-Engle Co., 98 Fla. 920, 124 So. 814; Florida East Coast R. Co. v. Hayes, 66 Fla. 589, 64 So. 274; see also 32 Fla.Jur., Trial, § 93. Nor may he weigh the evidence, Leslie v. Atlantic Coast Line R. Co., Fla.App. 1958, 103 So.2d 645, resolve conflicts in the evidence, Butler v. Phily, Fla.App. 1961, 133 So.2d 337; Finley P. Smith, Inc. v. Schectman, Fla.App. 1961, 132 So.2d 460; Bass v. Ramos, 58 Fla. 161, 50 So. 945, or pass on the credibility of witnesses. Leslie v. Atlantic Coast Line R. Co., supra; Duval Laundry Co. v. Reif, 130 Fla. 276, 177 So. 726.
Reverting to the case at bar, we have examined the record and found material conflicts in the evidence relative to the issues of negligence and contributory negligence which require the submission of these issues to a jury. The evidence is not so clear and the inferences so inescapable that it may be concluded, as a matter of law, that the appellant Brookbank's negligence was the proximate cause of the appellees' injuries.
Appellant Pennell contends the court erred in denying its motion for summary judgment. This contention also has merit.
The facts relative to Brookbank's employment and the purpose of his trip are not in dispute and lead to the inescapable conclusion that, as a matter of law, he was not acting within the scope and course of his employment. He had obtained leave from his employer to go on a personal mission and was proceeding to his destination to transact his private business when the accident occurred. The mere fact that on the way he chose to drive by a job site without his employer's knowledge or direction was not sufficient to place him within the scope and course of his employment. Pennell's motion for summary judgment should have been granted. Rule 1.36(c), Florida Rules of Civil Procedure, 30 F.S.A.; see Foremost Dairies, Inc. of the South v. Goodwin, 158 Fla. 245, 26 So.2d 773.
One other point raised by the appellants should be discussed in view of the fact that this case is to be retried. Appellants contend that their counsel should have been permitted to interrogate Brookbank by leading questions on cross examination after *529 he had been called by the appellees' counsel as an adverse witness. We agree.
Rule 1.37(a), Florida Rules of Civil Procedure, in addition to extending the right to call an adverse party as a witness, also provides: "* * * and the witness thus called may be contradicted and impeached by or on behalf of the adverse party also, and may be cross examined by the adverse party only upon the subject matter of his examination in chief." [Emphasis supplied] The obvious intent of the rule is to extend to the adverse party the same right of cross examination that is extended to his opposite when a witness is called under the rule. It would be manifestly unjust to permit a party to call, as an adverse witness, the other party and not permit that other party to examine by cross examination on the subject matter brought out by the examination in chief.
Although the appellant Brookbank appealed from both money judgments as well as the adverse judgment on his counterclaim against the appellee Peter Mathieu, he nevertheless failed to assign as error the money judgment in favor of appellee Peter Mathieu. Notwithstanding this failure, we conclude that the interests of justice require a complete retrial, including those issues decided by the jury upon the claim of appellee Peter Mathieu against appellant Brookbank. To permit the judgment upon the jury verdict against Brookbank in favor of Peter Mathieu to stand would appear to render the question of Brookbank's negligence as to appellee Ida Z. Mathieu and his contributory negligence on his counterclaim against Peter Mathieu moot. This we feel does not promote the interests of justice or provide a fair trial of the issues.
Other questions raised by appellants have been examined, but in view of the conclusions reached, we deem it unnecessary to discuss them.
In view of the opinions expressed, the two money judgments, as well as the judgment on appellant Brookbank's counterclaim, are reversed, and these causes are remanded for a new trial. In addition, the trial court is directed, upon remand, to enter summary judgment in favor of appellant Yell for Pennell, Inc.
Reversed and remanded with directions.

ON PETITION FOR REHEARING
PER CURIAM.
Upon appellees' petition, this court granted and heard oral argument on the sole question of the propriety of the reversal of a judgment in favor of the appellee Peter Mathieu.
The appellee Peter Mathieu claimed loss of services, companionship and consortium of his wife, the appellee Ida Z. Mathieu, allegedly caused by injuries sustained as the result of alleged negligence of the appellant Brookbank. It is apparent from the pleadings in this cause that the claim of the appellee Peter Mathieu was derived from, and dependent upon, establishment of the claim of the wife. Since the husband's claim is derivative in nature, and this court has seen fit by its opinion of April 9, 1963, to reverse the judgment based on a directed verdict in favor of Ida Z. Mathieu, it follows that the dependent or derivative claim of Peter Mathieu would necessarily fall with the reversal of the judgment in favor of his wife. In order to prevent, upon remand, fundamental error, such judgment should be reversed.
Accordingly, we adhere to the views expressed in our opinion of April 9, 1963. Other questions raised by the appellees' petition for rehearing have been considered but found to be without merit.
The petition for rehearing is, therefore, denied.