DEKLE, HAL P., Associate Judge.
After verdict for Plaintiff in a negligence action the trial court upon motions entered judgment for defendant non obstante veredicto and by separate order provided that in event said judgment be reversed that defendant’s motion for new trial is granted on the ground that there is no sufficient or substantial evidence tending to support the jury’s verdict. Such alternative order is approved in Florida. McCloskey v. Louisville & Nashville Railroad Company, Fla.App.1960, 122 So.2d 481; Kaufman v. Sweet, Fla.App.1962, 144 So.2d 515, Cert. Denied, Fla., 156 So.2d 846.
The record demonstrates that there was sufficient and substantial evidence to support the jury’s verdict and we reverse.
Plaintiff-wife was injured while walking upon the sidewalk when she stepped on the cover of a water meter box maintained by defendant, City of Punta Gorda, and which cover formed a part of the sidewalk. The cover flipped up and her foot went into the meter box, causing her to fall. Four days previously a city employee had read this meter and necessarily removed and replaced the cover. Whether he did so negligently was a question of fact for the jury and whether it was in a defective condition which he should have noticed and reported for correction also raised the question of constructive notice upon which the jury’s verdict could as well have been based.
Several months before, the city received a report of a similar experience by another pedestrian and that the same meter cover was loose and it was put back in place. Three earlier instances of tripping or falling on one of the four meter covers in the sidewalk there had been reported. Defendant’s employee testified that the meter box was not defective; other employees stated that when a meter cover is properly seated on the flanges inside the box and is not defective then the cover will not flip when stepped on. Plaintiff testified, and the investigating city police officer denied, that at the scene he replaced the meter cover and tested it and that the meter cover flipped and his foot went through.
The jury may well have found from such evidence either that the meter cover was not seated correctly by defendant’s employee upon the last monthly meter reading four days before or that it was defec- , *715 tive and the city through its employees or reports from others had constructive notice thereof and failed to correct the same. These facts and the reasonable inferences which the jury was entitled to infer therefrom afforded sufficient and substantial evidence as a basis for its verdict.
“As the courts of this state have emphasized, the function of the.jury to weigh and evaluate the evidence is particularly important in negligence cases where reasonable men often draw varied conclusions from the same evidence. In cases of this nature, unless the evidence as a whole with all reasonable deductions to be drawn therefrom, points to but one possible conclusion, the trial judge is not warranted in setting aside a jury’s finding and substituting his own valuation of the weight of the- evidence.” Barr v. Mizrahi, Fla.App.1960, 124 So.2d 508.
Our Supreme Court, in Geffrey v. Langston Const. Co., Fla.1952, 58 So.2d 698, reiterated the rule “that a trial court should not set aside a verdict and grant a new trial where the only issue involved is the sufficiency and probative value of the evidence, when there is substantial, competent evidence in the record to support the verdict and the only thing that will be accomplished by a new trial will be to have another jury try the case.”
City of Pensacola v. Herron, 1933, 112 Fla. 742, 150 So. 877, relied on by defendant involved sand and trash in an open water box. There the court held that “proof of the mere presence of sand and trash in the open iron water box per se” did not warrant that the city had implied previous notice that the box was in such condition as to amount to a dangerous defect in the sidewalk at the time of the injury. Proofs in the case sub judice went far beyond this and include reasonable inferences of active negligence by the city’s employees. The theory of recovery on constructive notice of a dangerous or de* fective condition of the meter cover is supported in another case involving a fall on a meter box in City of Niceville v. Hardy, Fla.App.1964, 160 So.2d 535.
Reversed with directions to enter judgment for plaintiff on the verdict.
ALLEN, C. J., and LILES, J., concur.