PER CURIAM.
The appellant, plaintiff below, appeals from a judgment in favor of the appellee-defendants, and also from an order of the court taxing costs against the appellant.
This case originally arose as a result of an automobile accident on December 25, 1956. There have been three trials in the Circuit Court for Lee County.
In the first case, a verdict was directed for the defendants and on appeal we reversed for a new trial. Morrison v. C. J. Jones Lumber Co., Fla.App.1961, 126 So.2d 895. The second trial resulted in a verdict for the plaintiff, which this court also reversed. Plaintiff’s action as Administratrix was terminated in the first appeal but on the two other counts the case again came on for trial, resulting in entry of a verdict for plaintiff; defendants appealed. This court again reversed in a spilt decision. Two of the judges ordered that a new trial be granted and the dissenting opinion held that a directed verdict for the defendants should have been granted. See C. J. Jones Lumber Co. v. Morrison, Fla.App.1963, 154 So.2d 721, cert. denied 165 So.2d 758.
The accident took place shortly after dark on a portion of U.S. 41, which was then under construction. Plaintiff was proceeding easterly in a Chevrolet sedan. Defendant Wilder was proceeding westerly driving a tractor-trailer belonging to his employer, C. J. Jones Lumber Co. There were piles of sand or marl along the southerly shoulder of the road, but there was testimony that these piles did not protrude into the roadway at the place of the accident.
The plaintiff testified that the truck only had one headlight working and because of this, she thought it was a motorcycle coming toward her. However, there was testimony at the trial by the driver of the car behind plaintiff’s car that the driver of the truck blinked his lights several times and when he did so, both lights worked. The driver of the car behind plaintiff’s car testified that he knew it was some vehicle coming toward him and that he could see the light from the truck quite a distance down the road.
The errors assigned by the appellant relate to procedural matters that occurred *230 during the trial and not to the sufficiency of the evidence.
We have reviewed the evidence and the briefs of the parties and conclude that the lower court should be affirmed.
Affirmed.
ALLEN, C. J., and LILES and PIERCE, JJ., concur.